8 U.S. 239 (____)
4 Cranch 239
YOUNG
v.
PRESTON.
Supreme Court of United States.

Upon the opening of the case, This Court, without argument, reversed the judgment.
*240 On a subsequent day, C. Simms, one of the counsel for the defendant in error, not having been present at the opening of the case, was permitted by the court to cite authorities in support of the opinion of the court below, and cited the following: Towers v. Barrett, 1 T.R. 133. where it was decided that assumpsit for money had and received will lie to recover money paid on a contract which is put an end to, as where, either by the terms of the contract it is left in the plaintiff's power to rescind it by any act, and he does it; or where the defendant assents to its being rescinded. In that case, the counsel for the defendant admitted, that when the party has done any thing to preclude himself from going into the contract, then money had and received will lie. Buller, J. said "the defendant left it in the power of the plaintiff to put an end to the contract. If the contract be open, the plaintiff's demand is not for the whole sum, but for damages arising out of that contract."
So in Giles v. Edwards, 7 T.R. 181. there was a special contract between the plaintiff and the defendant, which the defendant had prevented the plaintiff from completing. The court was clearly of opinion, that "as by the defendant's default the plaintiffs could not perform what they had undertaken to do, they had a right to put an end to the whole contract, and recover back the money they had paid under it." So here, Simms contended, that as the defendant had prevented the plaintiff from completing the contract, the plaintiff had a right to put an end to it. If he had paid money under the contract, he would have had a right to recover it back; but as instead of advancing money, he had done work and labour, which could not be recovered back in specie, he had a right to recover its value.
So in 1 Powell on Contracts, 417. "If he, who is benefited by another's fulfilling his contract or agreement, is the occasion why it is not carried into execution; the contract or agreement is thereby entirely dissolved, and the party bound discharged from his obligation."
But notwithstanding these authorities, The Court adhered to their first impression, some of the judges saying, *241 that the plaintiff had a clear right of action upon the sealed instrument; he might aver in his declaration that he had, in part, performed the work, and was ready to do the rest, but was prevented by the defendant. And whenever a man may have an action on a sealed instrument, he is bound to resort to it.
Judgment reversed.