Per Curiam.

The statute, prohibiting usurious contracts,(1) has a proviso which exempts from the operation of it “ the letting of cattle, or other usages of the like nature in practice among farmers, maritime contracts,” &c. ' The notes in question, in this case, come within the exception of the statute, and are not usurious.
There have been different usages respecting the letting of cattle. Some contracts are, to return double the value in a certain number of years, and others to pay a certain sum for the use of them. There *320 is, perhaps, no settled and uniform usage, to which the statute may be supposed to refer; but contracts for letting cattle generally are to be considered within the exception, unless they manifestly appear to have been intended as a cover for a usurious loan. If they are unreasonable and oppressive, the principles of the common law will give relief against them, as in other cases of that description.(2)
[*367] * Whether an agreement for the letting of cattle is usu rious or not does not depend on the exorbitancy of the sum to be paid for the use of them. Three dollars per annum for the use a cow of ordinary value would probably be more than at the rate of six per cent, on the worth of the property let; and, if contracts of this nature were within the statute, must be as clearly usurious as where the agreement is to pay six dollars per annum.
By the notes in this case, the contracts were for letting the cattle for one year only. The defendant was to return them within one year from the date of each note respectively ; and the promissee had a right, at the expiration of the year, to demand them. As the cattle have been received, the plaintiffs are now entitled to recover for the use of them six dollars on each note, which the jury have not thought unreasonable, and legal interest to this time on that sum, and on the value of the cows from the expiration of the year until they were delivered. The agreement to pay at the rate of six dollars per annum for the use of the cattle, as stipulated in each note, in case the defendant should fail to perform his contract at the end of the year, was unconscionable, and cannot alter the general rule of damages which is adopted and settled by the Court.
The verdict, having been given, under the direction of the judge who sat at the trial, agreeably to these rules, is to stand, and judgment be entered upon it accordingly.†

 Stat. 1783, c. 55.

 Cowp. 112, 793.

 Vide note to Perkins va. Lyman, 11 Mass. Rep, 83, 2d ed.