Mr. Justice Swayne
delivered the opinion of the court :
This is an appeal from the judgment of the Court of Claims. The facts of the case, so far as it is necessary to consider t'hem, are as follows:
On the 13th of February, 1866, Henry T. Noble, assistant quartermaster in the volunteer military service of the United States, entered into a contract with the appellant, Scott, whereby'the quartermaster “ agrees to furnish all the transportation the United States may require from Little Bock, Arkansas, to Fort Smith, Arkansas, and to and from all points between Little Bock, Arkansas, and Fort Smith, Arkansas, when the same is to be furnished by river.” Transportation was called for by the United States between Little Bock and Fort Smith, furnished by Scott, and duly paid for by the Covernment. Upon that subject there is no controversy between the parties. But the United States also shipped troops and stores from Saint Louis to Fort Smith and Fort Gibson. The vessels, on their way, touched at Little Bock, but did not discharge there. While they were at Little Bock, Scott, in a written communication to the quartermaster, claimed the right, under his contract, to transport the troops and stores in question from that point to Fort Smith, and had boats ready to perform that service. None of the lading was delivered to him. Had he transported it, the freight according to his contract would have amounted to $17,605.66. The Court of Claims held that the transportation thus claimed was not within the contract, and dismissed his X>etition. Hence this appeal.
We think the decision of the Court of Claims was correct. The soundness of this view of the subject is too clear to require *226 or admit of much discussion. The contract was for transportation between Little Eock and Fort Smith. Transportation from Little Eock to Fort Smith was not the same thing by any means as transportation from Saint Louis to Fort Smith or Fort Gibson. Transportation from Saint Louis to those places necessarily involved tronsportation by Little Eock, and thence over a common river route to the higher points of destination, but the voyages were wholly distinct and independent of each other. The greater includes the less, but that does not make them identical. In their totality they are as different as if the partial sameness did not exist. In the transportation between Saint Louis and the other points named the part performed above Little Eock was but an ingredient in the mass. There is nothing which requires us to disintegrate it and give to Scott one part more than another. Such elongated transportation is neither within the letter nor the meaning of his contract.
In cases like this it is the duty of the court to assume the stand-point occupied by the parties when the contract was made —to let in the light of the surrounding circumstances — to see as the parties saw, and to think as they must have thdught, in assenting to the stipulations by which they are bound. This process is always effective. When the terms employed are doubtful or obscure there is no surer guide to their intent and meaning. It must have been known to both Scott and the quartermaster that such transportation would be required as that under such consideration. It is incredible that they intended to subject thb United States to the delay, inconvenience, and expense pf the unloading and reloading of every cargo which came up the river to Little Eock only to feed Scott’s, contract and meet‘its demands. He claims a monopoly, without regard to circumstances, of all the Government transportation upon the water-way where his contract was to be fulfilled. Fort Gibson is above Fort Smith. As respects all lading to be shipped beyond Fort Smith the same unloading and reloading would be necessary there which had before occurred at Little Eock, A proposition, from which flow consequences so unreasonable, must itself be regarded as of that character. Where parties intend to contract by parol, and there is a misunderstanding as to the terms, neither is bound, because their minds have not met. (Mildeberger v. Baldwin & Forbes, 2 Hall, 176.), Where there is a written contract, and a like misunderstanding *227 is developed, a court of equity will refuse to execute it. (Coles v. Brown, 10 Paige, 534; Claverly v. Williams, 1 Vesey, jr., 211.) If a contract be unreasonable and unconscionable, but not void for fraud, a court of law will give to the party who sues for its breach damages, not according to its letter, but only such as he is equitably entitled to. (James v. Morgan, 1 Levinz, 111; Thornborrow v. Whiteacre, 2 Lord Raymond, 134; Baxter v. Wales, 12 Mass., 365.) But it is unnecessary to invoke the aid of anything outside of the contract itself. Its interpretation presents no question for our consideration. That the proper construction has been given to it, we think, is equally clear.
The judgment of the Court of Claims is affirmed.