Robinson, J.
This action was brought upon an alleged agreement of the defendant, dated December 11, 1871, to pay for nine copies of a literary work, called “Universal Biography,” that was to be published by the plaintiff, at the rate of fifty-five dollars per copy, which price was to be paid, one half when the proof sheets of a sketch of defendant’s life should be issued. It was also stipulated that if the matter for such sketch was not furnished by the defendant within ten days from the date, the subscription money was to be paid at that time to apply on the work referred to or to a future *428 similar work, and then follows this provision :—“I (defendant) agree to pay the publisher the price of three copies for every day’s time that elapses between the receipt and return of proof of said sketch, and also for every day’s time that elapses between the end of said ten days and the furnishing of sketch and photograph referred to in (accompanying) memorandum.” The complainant alleges defendant’s neglect to furnish such sketch and photograph for one hundred and sixty-one days, that had elapsed when this action was commenced since the 21st day of December, 1871, the day limited by the agreement; that the work (of course without the defendant’s biography), had been published and nine copies tendered and payment demanded and refused, and judgment is asked not only for the four hundred and ninety-five dollars, the price of the nine copies, but also for " twenty-six thousand four hundred and sixty-four dollars liquidated damages as per said agreement,” and these sums plaintiff has recovered in a judgment entered by default, on July 6, 1872, for twenty-seven thousand two hundred and fifty-two dollars and forty-four cents. The summons in the action, without a complaint, and containing a notice that judgment would be demanded for the sum of twenty-seven thousand and sixty dollars was handed to the defendant oh June 4, 1872, on the eve of his departure for Europe; but as he had. shortly before been served with another summons in another action commenced against him by the plaintiff for a somewhat similar subscription for another book styled “Men of Progress,” that was also to - contain his biography, he, in a fit of passion, refused to receive or retain it, and there is every presumption, from the facts stated in the moving papers, that he did so, supposing it was some trick on the part of the plaintiff and a mere repetition of the former service. The default evidently occurred from want of actual knowl *429 edge of the character of the claim or that it was any other than such as was involved in the previous action. The defendant is in Europe, but his agents here have moved to have the default set aside and that the defend-be let in to defend. Iii my opinion this motion should be granted, for the reason that the award of twenty-six thousand five hundred and sixty-five dollars as liquidated damages for the failure for one hundred and sixty-one days to furnish a sketch of defendant’s life for publication in this “Universal Biography,” which plaintiff subsequently published (without defendant’s biography), and tendered nine copies, is so monstrous and extravagant that it would be a reproach to the administration of justice to countenance or uphold it. The judgment finds no warrant in the case made by the complaint, and the claim could only be maintained for the price of the volumes tendered, and perhaps for actual damages (not alleged), sustained from the delay in furnishing the "sketch and photograph. First, the contract, if it be construed as claimed, according to its literal terms, is well described, in the language of Judge Story (1 Story Eq. Jur., § 188), as “ such as no man in his senses and not under delusion would make on the one hand, and as no honest or fair man would accept, on the other.” It is so extortionate and. unjust that it raises the presumptiod of deceit and fraud in its inception. The distinction between legal and equitable remedies is abolished in our system of jurisprudence, and such relief is to be afforded, whether formerly peculiar to a court at law or to one in equity, as is appropriate to the case presented; but even courts of law take notice of the inequitable and unconscientious character of such agreements, declare them void and remit the claimant to such damages as afford him a reasonable and just compensation for any injury he has sustained. In James v. Morgan, 1 Lev. 111, known as the Horse *430 shoe Case, where the purchaser of a horse, in whose shoes there were thirty-two nails, agreed to pay a barley-corn a nail, for the first nail, and doubling for every other nail, making the price equal to' five hundred quarters, or four thousand bushels of barley ; the judge, on the trial, directed the jury to disregard the contract and fix the value of the horse, which they did at eight pounds.The principle of this case has been approved of and followed in Earl of Chesterfield v. Jansen, 1 Wils. 386; Floyer v. Edwards, Cowp. 112; Jestons v. Brook, Id. 793, and Baxter v. Wales, 12 Mass. 365. In Russell v. Roberts, 3 E. D. Smith, 118, a canvas cover was hired for a night at the customary charges of one dollar a day. It was not returned before the suit was brought, some three or four months afterwards. It was not worth to exceed twenty dollars, but this court at general term held the defendant was not liable to be charged at the contract rate per day while it was detained ; and the recovery was limited to the value of its use for the period of its detention.
Second. In my opinion, by the true construction of this agreement, the sum of one hundred and sixty-five dollars, the price of three copies of the work agreed to be paid for each day that elapsed from December 21, 1871, until the sketch and photograph were furnished, was intended simply by way of penalty. It is not stated to be intended as liquidated damages, and it is not possible that the parties ever contemplated that for absolute failure to furnish any sketch the extravagant and absurd result would ensue, that the defendant should be liable to pay one hundred and sixty-five dollars a day for all time to come as compensation for plaintiff’s uncertain, loss, arising, from defendant’s continued failure to furnish the sketch. Under the construction claimed, and upon which plaintiff has acted, if, in avoidance" of any question that might arise from the statute of limitations, the suit were de *431 laved until six years from the first day of default was about expiring, he might recover over three hundred and fifty thousand dollars !! The judgment must be vacated and defendant let in to answer within twenty days after service of order to be entered thereon. No costs are allowed to either party.