## 𝔚𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### McNamara Syndicate v. Boyd.

#### March 9, 1911.

1. DEEDS—*All Unsold Lots—What Passes—Failure of Prior Purchaser to Record Deed.*—A deed from the grantor which conveys to the grantee "all the lots remaining unsold" in a designated plat of lots, duly recorded, and which expresses on its face the purpose and intention of the grantor "to convey all property now owned and controlled" by the grantor, conveys only such lots as the grantor then owned, and does not operate to convey lots which had been previously sold by the grantor to other persons who had not recorded their deeds. It is not a question as to what lots had been previously conveyed by deeds of record, but as to what lots had been previously *sold*, whether the deeds had been made and recorded or not.

2. DEEDS—*All Unsold Lots—Failure to Record Prior Deed—Registry Acts.*—The grantee in a deed conveying all the unsold lots in a designated plat is not a purchaser without notice as against prior purchasers of lots in the plat who have not recorded their deeds, as his own deed does not purport to convey them. Nor does the purchaser from such grantee stand on any higher ground. The recording acts do not apply to such a case.

3. QUIETING TITLE—*Title of Complainant—Constructive Possession.*—Possession follows, as an incident, the legal title to land not in the actual exclusive occupation of another, and this right of possession is sufficient to sustain a bill to remove a cloud on the title to the land until there is an actual adverse possession in another.

Appeal from a decree of the Law and Chancery Court of the city of Norfolk. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*A. Johnston Ackiss* and *R. Randolph Hicks,* for the appellant.

*Jeffries, Wolcott, Wolcott & Lankford,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The record shows that prior to the year 1896 The Aetna Company owned a tract of land near Ocean View in the county of Norfolk, which it had divided up into lots, streets and alleys, as shown by a recorded plat. A number of these lots were sold to various purchasers to whom deeds were to be made when the purchase money was paid. Under two deeds, one dated July 3, 1896, and the other dated September 8, 1896, The Aetna Company conveyed, with general warranty of title, to James W. Buchanan certain of these lots which he had bought. These deeds to Buchanan were not recorded until February 27, 1907, when there was recorded with them a deed from him conveying the same lots to John Boyd, the complainant in this suit, dated February 25, 1907. By deed dated April 22, 1903, The Aetna Company conveyed to A. S. J. Gammon and W. D. Pender all of the lots embraced in the plat mentioned which at that time had not been sold; and by deed dated January 12, 1906, Gammon and Pender conveyed, with special warranty of title, to the MacNamara Syndicate, the appellant, the lots remaining unsold by The Aetna Company, which had been conveyed to them, describing the lots by number in accordance with a list of the same furnished them by the grantee.

The bill in this case was filed by the appellee, John Boyd, alleging that the lots bought from The Aetna Company by James W. Buchanan and conveyed by him to appellee by deed dated February 25, 1907, had been included in the deed from Gammon and Pender conveying the unsold lots of The Aetna Company to the appellant; and that the

deed to the appellant, which includes his lots, constituted a cloud upon his title and greatly impaired the market value of his property. The prayer of the bill is that the deed from Gammon and Pender to the appellant may be set aside and annulled, so far as the same purports to convey complainant's property; that the cloud which has been placed upon his title by the deed from The Aetna Company to Gammon and Pender, and from the latter to the appellant, be removed and his title quieted.

A demurrer and answer was filed to this bill and depositions were taken. Upon the hearing, after overruling the demurrer, the court held that the title of the complainant to the lots described in his bill was superior to that claimed by the defendant, and that the deeds complained of were invalid as against the plaintiff's title, and constituted clouds thereon which should be removed. A decree was entered carrying out this view of the court, from which decree this appeal was taken.

The demurrer was properly overruled, and the decree on the merits was plainly right. The deed from The Aetna Company to Gammon and Pender, dated April 22, 1903, expressly limited the lots conveyed to "all the lots remaining unsold." The language of the deed not only excludes the appellee's lots from the operation of the conveyance, but the intention of the grantor, expressed in the deed, excludes them. It says: "The purpose and intention of this deed being to convey all property now owned or controlled by the Aetna Company." More than six years before this deed was made The Aetna Company had sold the lots of appellee to his grantor, Buchanan, and, therefore, in express terms, they were excluded from the conveyance to Gammon and Pender, who stand in the shoes of The Aetna Company with respect to the lots sold by that company prior to its deed conveying the unsold lots to them. The appellant, under its deed from Gammon and Pender, dated Janu-

ary 12, 1906, could and did only take such lots as were owned by its grantors, which did not include the lots of the appellee.

The appellant contends that it is protected by the recording acts as a purchaser without notice, because the deed dated April 22, 1903, from The Aetna Company to its grantors, Gammon and Pender, was recorded before the deed to appellee's grantor, Buchanan, was recorded. The substance of this contention is that the deed under which appellant holds only limits its interest by making it subject to such lots as had been previously sold and conveyed by recorded deed. The deed did not purport to convey any lots that had been, at the time, *sold* to other parties; it expressly excluded all such. Upon its face, it informed the grantee that there were lots in the plat which the grantor did not possess. It did not except alone those lots the deeds to which had been recorded; it used the comprehensive term "all"—"all the lots remaining unsold." In other words, all the lots which had, at the time of the conveyance, been sold to other persons were excluded from the conveyance under which appellant holds. The recording acts do not protect the appellant in its claim to the lots of the appellee, because its own deed does not purport to convey them. *Lumber Co.* v. *Powell,* 120 Mich. 51, 78 N. W. 1022.

If, however, appellant could rely upon the recording acts in this case, it could not prevail because it abundantly appears that at the time of its purchase of the unsold lots it had full notice of all that it now has knowledge of. The deed to its vendors was of record and told it that those vendors had only acquired the lots of The Aetna Company which remained *unsold.* Appellant knew, therefore, that lots had been sold by The Aetna Company. It is not a question as to what lots had been previously conveyed by deeds of record, but as to what lots had been previously

sold, whether the deeds therefor had been made and recorded or not. In addition to this notice which the deeds gave, appellant was told by his immediate grantors that they did not know what lots they still owned, that they were getting too little for the lots to make an investigation to find out what lots were unsold, and that if appellant bought they would only make a deed with special warranty of title.

The appellant further contends that the court erred in sustaining the right of appellee to resort to a suit in equity to quiet his title, it being insisted that appellee was not in the actual possession of the lots and therefore could not invoke a court of equity to remove a cloud from the title to the lots.

The bill alleges that the appellee is the owner of the lots in question, and that he has the legal title to and is in possession of them. These were the necessary allegations to give a court of equity jurisdiction to remove the alleged cloud from appellee's title. *Smith* v. *Thomas,* 99 Va. 86, 37 S. E. 784.

The evidence fully sustains the averments of the bill, showing that the grantor of the appellee had bought and paid for the lots, had been made a deed to them by The Aetna Company, and was in the undisputed possession that follows, as an incident, the legal title when the land is not in the actual exclusive occupation of another. The lots involved in this controversy were unenclosed, unimproved, unoccupied and not in the actual possession of either party. Neither party being in the actual possession of the lots, the legal title, which was in the appellee, drew to itself the possession. This right of possession was sufficient to maintain the bill to quiet the title until there was an actual adverse possession of the lots in controversy. *Chesapeake B. Ry.* v. *Washington R. Co.,* 199 U. S. 247, 50 L. Ed. 175, 26 Sup. Ct. 25; *Foote* v. *Brown,* 81 Conn. 218,

70 Atl. 699; *Norton* v. *Frederick,* 107 Minn. 36, 119 N. W. 492; *Flood* v. *Templeton,* 152 Cal. 148, 92 Pac. 78, 13 L. R. A. (N. S.) 579; 12 Ency. Ev. p. 609; 15 Cyc. pp. 51, 56, F.

The deed under which appellant claims purports to convey to it the lots owned by the appellee, thus creating a cloud upon the latter's title. The appellee having the legal title and the possession, there was no proceeding, other than a suit in equity, by which he could rid himself of the cloud created by appellant's deed, which greatly impaired the market value of his lots.

The decree complained of must be affirmed.

*Affirmed.*