# KINNEY v. McNABB.

EVIDENCE; CONTRACTS; BREACH OF PROMISE OF MARRIAGE; TRIAL.

1. When a written contract is entered into, all previous negotiations between the parties, and verbal statements made by them, are merged in the written instrument. (Following *Magruder* v. *Belt*, 7 App. D. C. 303.)

2. Where a special contract remains executory, the plaintiff must sue upon it. (Following *Magruder* v. *Belt, supra,* and *Brown* v. *Commercial F. Ins. Co.* 21 App. D. C. 335.)

3. Where the declaration in an action for breach of promise of marriage contained two counts, the first in assumpsit for breach of a verbal promise of marriage, and the second in covenant for breach of a written contract of marriage under seal, executed by both parties; and on the trial, at the close of the plaintiff's case in chief, the defendant moved for the direction of a verdict in his favor on the second count; whereupon the plaintiff abandoned that count, and elected to stand on the first count; and at the close of all of the evidence the defendant moved to direct a verdict in his favor on the ground that there could be no recovery on the first count, as the evidence showed an unexecuted written contract between the parties, —it was *held*, in finding that the lower court erred in overruling the last motion and submitting the case to the jury, that the defendant was not estopped, by any alleged inconsistency in the positions assumed by him on the trial, to raise the question of error in refusing his motion to direct a verdict, nor by his offering special and inconsistent prayers for instruction when his motion was overruled.

No. 2861. Submitted December 11, 1915. Decided January 3, 1916.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia on verdict in an action to recover damages for an alleged breach of a promise to marry.                                                        *Reversed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment after verdict for the plaintiff, John S. Kinney, appellee here, in the sum of $30,000 in an action for breach of promise.

The declaration is in two counts. The first count is in assumpsit, and alleges that in or about the month of June, 1912, the defendant, Ida M. McNabb, promised to marry the plaintiff; that shortly after the 7th day of that month plaintiff requested defendant to fulfil his promise, but that he refused to do so. The second count is in covenant, and alleges that "on or about the said 7th day of June, A. D. 1912, the said plaintiff and the said defendant entered into an agreement in writing, sealed with their seals, and acknowledged before a notary public, to wit, the 17th day of June, A. D. 1912, by which each agreed with the other," etc. The instrument is set out *in hæc verba.* In it the defendant agrees to make certain provisions for the plaintiff and her children, and the plaintiff agrees to accept in lieu of her homestead and dower interests in defendant's estate, "one half of the said rights." In the 6th paragraph the defendant, in consideration of the "promises and undertakings" made by the plaintiff, agrees by and with the plaintiff that "he will without unreasonable delay enter into a contract of marriage with her." The instrument was duly executed under seal at Escanaba, Michigan, on June 17, 1912, and formally acknowledged before a notary public.

The evidence for the plaintiff was in brief as follows: In 1912 she was about thirty-four years of age, and lived at Lathrop, Michigan. She was employed as solicitor of funds for the Good Will Farm, a northern Michigan children's home. On May 11, 1912, she was soliciting in Palatka, Michigan, the home of the defendant, and met him for the first time. He then was about seventy-four years of age. Their acquaintance appears to have progressed very rapidly. In fact, marriage was discussed at their first meeting, but no definite understanding was reached until the execution, on June 17th, of the written contract. The defendant, a few days thereafter, sent the plain-

tiff $50, and shortly thereafter, with one of his daughters, visited plaintiff at her home. On the 22d of July the defendant bought her a diamond ring, and they "talked over the marriage," and finally agreed that it should take place on the 5th day of August, in Chicago. Plaintiff did not again see the defendant. On the next day he wrote her from Palatka, requesting her to send him a copy of "our contract," which she did on July 28th. On August 10, 1912, the defendant wrote plaintiff from Buffalo, New York, that he had read the contract for the first time; that he had arrived at the conclusion that it was her intent "to take advantage of a man advanced in years, broken in health, and mentally incompetent at the time to understand the significance of such an act;" and that, relying upon the statement made by her "that the writing in question would become null and void and of no effect at any time that such should be my (his) desire," he refused to marry her. Plaintiff wrote the defendant, endeavoring to persuade him to carry out the contract, but he failed to do so.

When plaintiff offered in evidence the written contract, it was objected to on the ground, among others, that no effect could be given to it until after the performance of the condition precedent, that is, the marriage. It nevertheless was received in evidence, and no exception was reserved. But at the close of plaintiff's evidence, according to the record, "the defendant, by his counsel, moved the court for a verdict for the defendant on the second count of the declaration, and thereupon the plaintiff elected to and did abandon the said second count of the declaration, and to stand on the first count only, and the cause thereafter proceeded on the said first count." At the close of all the evidence the defendant requested the court to grant several special instructions, and, at the outset, the court's attention was specifically directed to proposed instruction No. 4, as follows: "Plaintiff having elected to stand on the first count of the declaration, which is an action of assumpsit, the court will instruct you as a matter of law that the sealed instrument offered in evidence is a contract between plaintiff and defendant, and that parol contracts made prior thereto are merged in said sealed

instrument, and that a recovery cannot be had on the declaration, and therefore their verdict should be for the defendant." Over the objection and exception of the defendant, this prayer was rejected. Thereupon the court granted certain other prayers of the defendant, by which the jury were told that the sealed instrument was "in evidence for the purpose of limiting the amount of the plaintiff's recovery," and for no other purpose.

*Miss Harriet Freebey, Mr. Daniel W. Baker,* and *Mr. Frank J. Hogan* for the appellant.

*Mr. Charles Poe, Mr. Henry F. Cochems, Mr. Hubert O. Wolfe,* and *Mr. A. F. Dixon* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

At the threshold of the case we are met with the contention that it was error to permit the plaintiff, in an action of assumpsit, to recover upon an unexecuted sealed instrument. That the previous negotiations between these parties became merged in that instrument cannot be gainsaid. Where the terms of a contract have been reduced to writing and signed by the parties, neither party can abandon the instrument and resort to the verbal negotiations which were preliminary to its execution, since "all previous negotiations and verbal statements are merged and excluded when the parties assent to a written instrument as expressing the agreement." *Merchants' Mut. Ins. Co.* v. *Lyman,* 15 Wall. 664, 21 L. ed. 246; *DeWitt* v. *Berry,* 134 U. S. 306, 33 L. ed. 896, 10 Sup. Ct. Rep. 536; *Magruder* v. *Belt,* 7 App. D. C. 303; *Bergin* v. *Williams,* 138 Mass. 544. In the present case, there was no contract of marriage until the contract under seal was executed. Everything preceding it was merely tentative and preliminary. That contract crystallized the previous negotiations between the parties. Counsel for the plaintiff answer that, conceding all this, still they may rely upon "repeated promises made by and between the defendant

and plaintiff after the execution of the agreement," but they fail to point to any evidence tending to show that the written instrument ever was abandoned or modified. *McKay* v. *Darling,* 65 Vt. 639, 27 Atl. 324. The conduct of the parties following the execution of that instrument amounted to nothing more than a recognition of it. The question is, therefore, whether the defendant's motion for a verdict upon count No. 1 should have been granted.

The rule of law is that where a special contract remains executory, the plaintiff must sue upon it. *Marine Ins. Co.* v. *Young,* 1 Cranch, 332, 2 L. ed. 126; *Magruder* v. *Belt,* 7 App. D. C. 303; *Brown* v. *Commercial F. Ins. Co.* 21 App. D. C. 335. In *Magruder* v. *Belt,* the court said: "A simple contract and a contract under seal between the same parties cannot both subsist for the same subject-matter or obligation. The contract under seal, being of superior dignity and solemnity in the contemplation of law, will merge the simple contract. * * * There will be a merger of the simple contract, whether the parties wish it or not, for the two contracts are incompatible, and except where one is intended to be simply collateral to the other, they cannot subsist together for the same thing, and the higher must prevail. *Price* v. *Moulton,* 10 C. B. 561, 20 L. J. C. P. N. S. 102, 15 Jur. 228; *Leonard* v. *Hughlett,* 41 Md. 380. The action should have been debt or covenant upon the sealed contract." In *Young* v. *Preston,* 4 Cranch, 239, 2 L. ed. 607, it was ruled that "whenever a man may have an action on a sealed instrument, he is bound to resort to it." When, however, a special contract has been fully executed according to its terms, suit may be brought upon it, or in assumpsit upon the common counts. In either case the contract will determine the rights of the parties. *Dermott* v. *Jones,* 23 How. 220, 16 L. ed. 442, and 2 Wall. 1, 17 L. ed. 762. The rule here invoked is not an arbitrary rule, but, on the contrary, one founded in reason and justice. If parties enter into a contract of the dignity and solemnity of the one here involved, the party seeking damages for the breach of that contract should declare upon it. The plaintiff in the present case, by deliberately abandoning the

second count in her declaration, relied upon the count which sets up a simple contract. Her proof showed the existence of a different contract, one that had superseded the former, and which would not support the declaration as it then stood.

But, it is said, the defendant by his inconsistent positions is estopped to raise this question. We are unable to accept this contention. The record fails to show upon what ground the defendant, at the close of plaintiff's evidence, moved for a directed verdict on the second count. It does show, however, that the plaintiff, without waiting for a ruling by the court, voluntarily abandoned that count. Surely the defendant had a right, before introducing his evidence, to obtain a ruling from the court upon the sufficiency of either or both of the counts of the declaration. If the plaintiff elected voluntarily to abandon a count, it was no fault of the defendant. Nor do we find anything unusual in the fact that, defendant's prayer for a directed verdict on count No. 1 having been denied, he submitted other prayers inconsistent therewith. It was the duty of counsel to protect their client's interests to the fullest extent, and they were well within their rights in submitting these prayers. We find none of the elements of estoppel present.

The judgment must be reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.                          *Reversed and remanded.*