## JOHNSON v. SIMMONS.

(Court of Appeals of District of Columbia. Submitted February 13, 1923. Decided June 4, 1923.)

### No. 3867.

1. **Courts ⬯163—"Title to land" is involved, so as to deprive municipal court of jurisdiction, if it must be proved or disproved.**

   The title to land is involved in an action, so as to deprive the municipal court of jurisdiction thereof, whenever it is necessary for the plaintiff, in order to make good his declaration, to go into the question of title, whether by way of proving it or disproving it.

2. **Courts ⬯163—Action to recover for use of party wall involves "title to land."**

   The right of an owner, who had constructed a party wall partly on the land of an adjoining owner, and thereby imposed a servitude on the land of the adjoining owner, to recover from the adjoining owner for the subsequent use of the party wall, depends on his title to the portion of the party wall built on adjoining owner's land, to establish which he must prove title in himself to his own land, so that the title is involved in an action to recover for the use of the party wall by the adjoining owner, and the municipal court has no jurisdiction over that action.

3. **Courts ⬯30—Supreme Court's jurisdiction cannot be ousted by conceding plaintiff's title.**

   The jurisdiction of the Supreme Court over an action to recover for the use of a party wall on the ground that title to land is involved, though the amount in controversy is below the jurisdictional limit, cannot be ousted by the defendant conceding plaintiff's title, since the question of title would always remain, although no contest was made thereon.

Appeal from the Supreme Court of the District of Columbia.

Assumpsit by Gerald M. Johnson against Leo Simmons. From a judgment of the Supreme Court dismissing the cause of action, on appeal from the municipal court, on the ground of the municipal court's want of jurisdiction, plaintiff appeals. Affirmed.

Gerald M. Johnson, of Washington, D. C., for appellant.

Leo Simmons, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. This is an action of assumpsit, brought in the municipal court to recover $32.24 for the use of a party wall and $2.50 which is one-half of the amount paid by plaintiff to an inspector of buildings for measuring the wall and computing its contents and value.

In his affidavit of merit the plaintiff alleged that he was and for a long time had been the owner of certain land in the city of Washington; that his predecessor in title had constructed thereon a brick building, and in so doing had erected a party wall on adjoining land; that this adjoining land was not then owned, but was subsequently acquired, by the defendant, and was owned by him when this suit was brought; that after the defendant acquired his title he made use of a portion of the above-mentioned party wall, which was on his land, without the

consent of the plaintiff, and without any payment or tender of payment therefor.

The defendant in his affidavit of defense denied any indebtedness to the plaintiff, denied his right to recover from him the sum claimed, denied plaintiff's ownership of the party wall in question, and alleged that, if he did own it, the value of the portion used by defendant was much less than the plaintiff claimed.

The Municipal Court gave judgment for the defendant. Plaintiff appealed to the Supreme Court, where a trial by jury was had, and a verdict returned in his favor. This verdict was set aside and judgment entered dismissing the plaintiff's cause of action upon the stated ground of want of jurisdiction to entertain the same. The reason for this was that the District Code (section 9) expressly excludes from the jurisdiction of the municipal court actions involving the title to real estate. The court held that title to real estate was involved in this action, that therefore the municipal court was without jurisdiction to entertain the suit, from which it followed that. the Supreme Court was likewise without jurisdiction to hear the case on appeal. From this judgment, plaintiff appealed to this court.

It is not denied that want of jurisdiction in the municipal court would deprive the Supreme Court thereof. The defendant Simmons, as appears from his affidavit of defense, at the outset raised the jurisdictional question and it was also involved in the affidavit of merit. Defendant insisted thereon in the Supreme Court and maintains it here.

The chief contention of appellant is that this action does not involve the title to real estate, but that, if it is involved, it is only incidentally so, and is not in issue sufficiently to oust the municipal court of jurisdiction. In the opinion given by the court below in this case it is said that the question is important, because similar cases have been prosecuted to judgment in the municipal court, in which, however, the exact jurisdictional question was not interposed in defense.

[1] We think the case of Gray v. Ward, 45 App. D. C. 498, relied upon by the court below, is decisive of the issue here. In the opinion in that case the authorities were carefully reviewed, and it was held that, whenever it was necessary for the plaintiff, in order to make good his declaration, to go into the question of title, whether by way of proving it or disproving it, the title to land was involved.

[2] Applying that test here, we do not see how the appellant, Johnson could prove the facts necessary to maintain his action. unless he proved title in himself to his own land, because upon that fact depended his interest in or title to that portion of the party wall built on defendant's land, and his right to recover for use thereof. In Kosack v. Johnson, 38 App. D. C. 62, and Fowler v. Koehler, 43 App. D. C. 349, Ann. Cas. 1916E, 1161, there are discussions of the rights of the parties in party walls. In effect it is held that the owner of one parcel of land has a right, when building thereon, to extend and build a part of his wall upon the adjoining land; that thereby a mutual servitude is established, the dominant one vesting in the party building the wall, and the servient in the owner of the adjoining land upon which it is erected, who is thereby vested with the right to use the party wall so

built on his land when he later may see fit to do so, upon condition that he pay one-half the cost thereof to the then owner of the dominant servitude. See, also, Allen v. Etchison, 40 W. L. R. 41; McCormick v. Etchison, Id. 407.

It was necessary for Johnson to prove title in himself to his own land, in order to establish that he was the owner of the dominant servitude; otherwise, he could establish no right of recovery against the owner of the servient estate in the party wall. If this were not so, and the possession only of the plaintiff's land were necessary to be shown, any tenant of the plaintiff in possession thereof might have a right to bring an action against the defendant for the use by him of the party wall, if such use were first made within the term of his tenancy. Of course, the owner of the servient estate in the party wall can only be compelled to pay but once for the same use thereof.

[3] We do not think the argument of the plaintiff that, because the amount involved is below the original jurisdiction of the Supreme Court and within that of the municipal court, if the suit were brought in the former, the defendant, by stating that he did not dispute plaintiff's title, could oust the Supreme Court of jurisdiction, because the question would always remain, although no contest might be made thereon, whether or not the plaintiff in fact had title, and, if it were conceded, the jurisdiction could not thereby be ousted.

There is nothing in the record to justify the appellant's claim that this jurisdictional question is not raised in good faith.

The judgment below is affirmed, with costs.