## DISTRICT–FLORIDA CORPORATION v. PENNY et al.

### No. 5686.

Court of Appeals of the District of Columbia.

Decided June 30, 1933.

Russell Hardy, of Washington, D. C., for appellant.

Gibbs L. Baker and Robert C. Handwerk, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This appeal grows out of a real estate speculation in Florida during the boom; all parties to the controversy were realtors, or connected with realtors; and the action is based upon charges of fraud and deceit inter sese.

The plaintiff is a Delaware corporation organized to deal in real estate in the District of Columbia and the state of Florida; the defendants Schiffman, Penny, and Thomas are citizens of North Carolina; Penny and Thomas being served with process in the District of Columbia, while Schiffman does not appear to have been served, and the case has apparently been dropped as to him. The action was filed in the Supreme Court of the District of Columbia April 15, 1929, seeking damages in the sum of $50,000 against the defendants because of their alleged deceit in their sale to the plaintiff of a parcel of land in the city of Tampa, Fla., on February 11, 1926.

The defendants Penny and Thomas each filed two pleas, one denying the deceit and the other denying the cause of the action, if any, had accrued within three years, the statutory period of limitations (D. C. Code 1929, T. 24, § 341).

At the conclusion of plaintiff's case, the court directed a verdict for the defendants, on the stated grounds that no sufficient case had been made, and that as to such a case as had appeared the statute of limitations had run.

For proof of its case, the plaintiff relied mainly upon the deposition of its former president to the effect that in February, 1926, the defendant Penny, whom he had well and favorably known as an auctioneer of real estate, represented to him in the city of Tampa that a certain lot therein owned by a man for whom the other defendant Thomas was agent could be bought for its cost and carrying charges; that it was worth much more; and that Thomas claimed to have a purchaser at hand willing to buy it for $65,000, which was much in excess of the price Penny asked the plaintiff. That Thomas then appeared telling substantially the same story; thereupon the purchaser consulted at least one other realtor as to the value; examined the property; talked with the owner of adjoining property as to values; and on behalf of his company bought the property, paying by a small sum in cash, another lot, and a number of notes secured on other real estate, the purchase price of $32,500, subject to existing incumbrances of $12,500

Thereupon the promised purchaser at $65,000 failed to appear; the property was not worth the price paid for it; and, when the title company furnished an abstract of title on April 16, 1926, it showed that the defendant Penny was himself either the owner of the lot, or was holding the legal title thereof at the time of sale, or just prior thereto.

And, because that abstract of title with that information did not reach plaintiff until April 16, the claim is here made that plaintiff had three years from that date to file its suit.

Without discussing the question of ethics involved in the proposition that the defendant Thomas, as agent of the owners, agreed to sell to the plaintiff at one price when he had a ready purchaser at nearly double the amount, and the expressed belief of the plaintiff's president that the lot would bring at auction the price he paid for it; together with his admission that one man's guess was as good as another's touching real estate in Tampa at that time, we pass to the question of limitations.

The special plea of the statute of limitations required the plaintiff to show a cause of action less than three years old, but the only showing within that time was the receipt of an abstract of title from an agent of the plaintiff it had employed to report thereon. But the plaintiff's testimony shows that the purchase had been concluded; the consideration passed; and the deed delivered before the title company was employed, and more than three years before suit was filed. This abstract showed Penny's ownership and connection with the title, apparently contrary to his alleged statements thereabout. But the information contained in the abstract was available to the plaintiff before the receipt of the abstract, and more than three years before the filing of the suit, for it was all contained in the land records of Tampa, and consequently all within the constructive notice of the purchaser which those records afford. The trial court did not err when it held that, if any right of action accrued to the plaintiff on this transaction, it was barred by the statute of limitations, and its judgment is therefore affirmed. U. S. v. Diamond Coal Co., 255 U. S. 323, 41 S. Ct. 335, 65 L. Ed. 660; U. S. v. Diamond Coal Co. (C. C. A.) 254 F. 266; Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807; Badger v. Badger, 69 U. S. (2 Wall.) 94, 95, 17 L. Ed. 836; Pearsall v. Smith, 149 U. S. 236, 13 S. Ct. 833, 37 L. Ed. 713; Richards v. Mackall, 124 U. S. 183, 8 S. Ct. 437, 31 L. Ed. 396; Dick v. Balch, 8 Pet. 30, 8 L. Ed. 856; Neslin v. Wells F. & Co., 104 U. S. 428, 26 L. Ed. 802; Dunham v. Cincinnati P. & C. R. Co., 1 Wall. 254, 17 L. Ed. 584; Lewis v. Denison, 2 App. D. C. 387; Lipschutz v. Phillips, 51 App. D. C. 20, 273 F. 748.