## HOWENSTEIN REALTY CORPORATION
## v. RICHARDSON et al.
### No. 8215.

United States Court of Appeals for the
District of Columbia.

Decided March 15, 1943.

Mr. John Dillon Fitzgerald of Washington, D. C., for appellant.

Mr. Charles V. Imlay, of Washington, D. C., with whom Mr. Ross H. Snyder, of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

MILLER, Associate Justice.

By a contract dated March 11, 1941, appellees agreed to sell and appellant agreed to buy real property known to them as Parcel 229/82 in Square 5946 in the District of Columbia. On April 3, 1941, appellees executed a deed conveying the property, which appellant accepted and thereupon entered into possession. Shortly thereafter, and while it was making improvements on the property, appellant's title to 2716.59 square feet thereof was challenged by a neighboring owner, Mrs. Faithful. When a survey was made, appellant acknowledged that an error appeared in the description of its property, and an adjustment of the line was then made with Mrs. Faithful.

On November 13, 1941, appellant filed its complaint, in the Municipal Court of the District of Columbia, for damages resulting from alleged nonperformance of the contract. The complaint made no mention of the deed which had been executed and accepted, but alleged: "That in pursuance to the terms of said contract, the plaintiff paid the amount agreed to to the defendants for the purchase of said real estate; that defendants failed and neglected to convey, in accordance with said contract, all of the real estate contemplated in said contract between the parties, being Parcel 229/82 in Square 5946, in that said defendants failed and neglected to convey to the plaintiff 809.69 square feet, and in addition failed

and neglected to convey 1906.91 square feet to the plaintiff, all of which was contemplated by said contract between plaintiff and defendants."

Appellees answered in part as follows: "They admit the allegation in Paragraph 4 of the complaint that plaintiff paid the amount agreed to the defendants for the purchase of the real estate, but deny the further allegations of said Paragraph 4, and in further answer thereto say: (a) That prior to the making of said contract of sale of March 11, 1941, by which defendants agreed to sell to plaintiff land described as Parcel 229/82, defendants intending thereby to convey and plaintiff intending to receive what defendants had received from their predecessors in title, defendants and plaintiff went upon said land and together identified and agreed upon the upper Eastern boundary of said land as a permanent hedge starting from the Southern line of Alabama Avenue (the Northern boundary line of the land to be conveyed) and running thence due South for 86 feet more or less. (b) That although the distances in the conveyance thereafter made by defendants to plaintiff, based upon an erroneous plat (prepared by the Surveyor of the District of Columbia and carried on the official records of said District) of that parcel of land reserved from a description by metes and bounds in the aforesaid deed from defendants' predecessors in title to them (upon which erroneous plat plaintiff and defendants alike relied) purported to give plaintiff an area of land larger than that identified by the agreed hedge monument aforesaid (the difference being the areas in said Paragraph 4 set forth), yet defendants did in fact convey the whole of the land identified as aforesaid by plaintiff and defendants and agreed upon by them to be conveyed. * * * The alleged damages of $841.05 for the alleged failure of defendants to convey the full area of land contracted for is excessive in view of the circumstances that: (a) Plaintiff made no cash outlay but effected an agreement with the owner of adjoining land reserved out of the description in the deed from defendants' predecessors in title to defendants by plaintiff's giving to said adjoining owner land which because of its irregular position was of no real value to plaintiff." In a second defense they alleged: "That subsequently to the conveyance by defendants to plaintiff of the land conveyed pursuant to said contract of March 11, 1941, and, upon discovery by the plaintiff of the mutual mistake under which both plaintiff and defendants labored with reference to the discrepancy between said erroneous plat and the true courses and distances of said land to be conveyed, plaintiff, without giving defendants an opportunity to correct the alleged failure on the part of the defendants to convey the land required as alleged by plaintiff by said contract, made a direct approach to the owner of the land on the East of said land to be conveyed reserved out of the conveyance by defendants' predecessors in title to defendants and made a settlement by an exchange of lands with said adjoining owner, thus putting it out of the power of defendants to make a settlement by that process. That in connection with the exchange between plaintiff and said adjoining owner plaintiff caused a resurvey to be made of plaintiff's and the adjoining owner's parcels, as a result whereof plaintiff obtained a strip of land some 15 feet wide by the depth thereof from the Westerly side of the said adjoining parcel, greater than the area as shown by the hedge monument aforesaid." In a third defense they challenged the jurisdiction of the Municipal Court on the ground that the cause involved title to real estate.

 The record contains no findings, no conclusions of law and no judgment, other than a minute entry; it fails to reveal what disposition, if any, was made of appellees' third defense. On this appeal, although several contentions were urged by each party, issue was actually joined on only one question, namely, whether the court erred in admitting oral evidence to vary the terms of the written contract. During oral argument it was stated that appellees' third defense had been withdrawn in the trial court, and that its second defense—concerning appellant's settlement with Mrs. Faithful—was not relied upon in this court. In view of the foregoing considerations, and of the fact that the present action was solely one at law to recover damages for breach of contract, it is apparent that the only issue which can be decided on this appeal is whether oral evidence was properly admitted to vary the terms of the contract. It seems clear that the question must be decided in the negative. Appellees contend that there was a mutual mistake of the parties; that they sold, and appellant bought, a parcel designation of land in gross, as distinguished from a particular area; that the parcel designation standing alone is meaningless and, therefore, ambiguous; hence that testimony

was properly admissible under the parol evidence rule to remove the ambiguity; and thus to determine the property which was the subject of the contract. It was upon this theory that appellees made no objection to introduction into evidence of the tracing which was used by the parties in the negotiations which preceded execution of the contract. And upon the same theory they offered testimony to prove that appellant was shown—during the negotiations—a natural growth of trees, bushes and plantings along one boundary of the parcel. But the land which appellees agreed to convey was described in the contract as a certain numbered parcel, in a square in the District of Columbia. The contract, thus, refers within itself, to means which render certain the description which they intended.[1] The Supreme Court has said: "It is a familiar rule of law, that, where a plat is referred to in a deed as containing a description of land, the courses, distances, and other particulars appearing upon the plat are to be as much regarded, in ascertaining the true description of the land and the intent of the parties, as if they had been expressly enumerated in the deed."[2] That conveyancing of property in the District was intended to be done in this convenient manner, by designation of parcel and square, thus incorporating by reference, in such conveyances, the appropriate official records of the District, is shown by provisions of the Code, particularly Section 1—622.[3] And this conforms to the general rule of law and of practice concerning the conveyance of such property.[4] In the present case, an examination of the plat, which was thus incorporated by reference into the contract, fixes the obligation of appel-

lees in terms of their clearly expressed intention and purpose; and makes the introduction of parol evidence improper;[5] even apart from the express provision of the contract, that: "This contract, made in triplicate, when ratified by the seller contains the final and entire agreement between the parties hereto and they shall not be bound by any terms, conditions, statements or representations, oral or written, not herein contained." Consequently, it cannot be said that there was any mistake of the parties, *in expressing their actual understanding,* which would make admissible parol evidence, concerning transactions or negotiations which occurred prior to execution of the contract, for the purpose of varying its terms.[6]

In this connection it is necessary to distinguish carefully between two different types of mutual mistake. The first is that which results from the use of words or terms in the contract which fail to express the actual understanding of the parties, but is nevertheless signed by them in ignorance of the variance.[7] The second is a mutual mistaken assumption of fact external to the contract,[8] which may exist without in any way contradicting the complete understanding of the parties as to the actual contents of the document which they signed.[9] In the first situation a question of evidence is involved and, consequently, it is proper to introduce parol evidence to vary the terms of the contract in order that the actual understanding of the parties may be discovered. If, however, the contract correctly expressed the actual understanding of the parties then, as Wigmore states the principle, *"When a jural act is embodied in a single memorial, all other utter-*

---

[1] Deery v. Cray, 10 Wall. 263, 270, 19 L.Ed. 887; Chesapeake Beach Ry. v. Washington R. Co., 199 U.S. 247, 249, 26 S.Ct. 25, 50 L.Ed. 175.

[2] Jefferis v. East Omaha Land Co., 134 U.S. 178, 194, 195, 10 S.Ct. 518, 522, 33 L.Ed. 872.

[3] D.C.Code (1940), D.C.Code (1924) § 1583: "Reference to subdivisions. When a subdivision of any square or lot shall be so certified, examined, and recorded, the purchaser of any part thereof or any person interested therein may refer to the plat and record for description in the same manner as to squares and lots divided between the Commissioners and original proprietors." See also §§ 1—605 to 1—621 inclusive.

[4] Tiffany, Real Property (3d ed. 1939) § 992, pp. 93–94.

[5] Kinney v. McNabb, 44 App.D.C. 340, 343.

[6] El Dia Ins. Co. v. Sinclair, 2 Cir., 228 F. 833, 839, cert. denied, 241 U.S. 661, 36 S.Ct. 449, 60 L.Ed. 1226; Gillis v. Curd, 6 Cir., 117 F.2d 705, 709; Lighting Fixture Supply Co. v. Fidelity Union Fire Ins. Co., 5 Cir., 55 F.2d 110, 113, cert. denied, 286 U.S. 558, 52 S.Ct. 641, 76 L.Ed. 1292; Merritt v. Kay, 54 App.D.C. 152, 155, 295 F. 973; Lippincott v. Kerr, 59 App.D.C. 290, 291, 40 F. 2d 802, 803.

[7] 9 Wigmore, Evidence (3d ed. 1940) § 2417, p. 59.

[8] Id. at § 2417, p. 58.

[9] Id. at § 2423, p. 74.

*ances of the parties on that topic are legally immaterial for the purpose of determining what are the terms of their act."* [10] No question of evidence is involved in this situation and the rule stated is one of substantive law.[11]

It is necessary, therefore, that the case be returned to the Municipal Court. But we think it proper to suggest that the record, and the contentions of the parties on this appeal, indicate the presence of other questions which may properly be considered in deciding the controversy between these parties. Thus appellees contend that the contract. was fully performed by the conveyance of the land; and appellant contends that the deed of conveyance contained a warranty, upon the basis of which the trial court should have found in its favor. However, the deed was not pleaded, or even referred to in the complaint; and it was mentioned only indirectly in the answer. Obviously, neither proposition, now contended for by the parties, was put in issue by the pleadings or tried by the Municipal Court. The theory of appellees' defense, as it appears from their whole answer, seems to consist of an admission of liability for damages, with an attempt to minimize the amount thereof, because of appellant's conduct in making a settlement with Mrs. Faithful. If it should appear, upon pleadings properly drawn and upon sufficient evidence, that appellant's acceptance of the deed operated as a discharge of the original contract,[12] then, perhaps, the case should be disposed of upon that basis. In that event the contract should be disregarded and the description in the deed, rather than in the contract, should be controlling.

■ Again, appellees contend that: "Appellant was not induced to make the contract by misrepresentation. No fraud or negligence on appellees' part is alleged." This contention suggests considerations appropriate to a suit in equity for reformation or rescission of an instrument,[13] or, conversely, for specific performance.[14] Again, no such issue was presented to the trial court. Moreover, unless such issues were presented by way of defense,[15] the Municipal Court would be without jurisdiction to try them.[16] Perhaps, in a competent court, upon pleadings properly drawn, evidence to vary the terms of the contract or of the deed may become admissible, under the rule previously stated.[17]

Finally, appellees contend, on this appeal, that neither party "was deceived because they both relied upon a natural boundary with the adjacent tract and a fixed point therein." Again, the pleadings are barren of any allegations which could have presented such an issue to the trial court. No evidence appears in the record which established the authenticity of a boundary of any adjacent tract or of a "fixed point therein." We have no way of knowing what form such an issue might take, upon proper pleadings, supported by appropriate evidence. If it involved title to real property, presumably, the Municipal Court would be without jurisdiction to try it.[18]

Reversed.

Mr. Justice RUTLEDGE sat during the argument of this case, but became a member of the Supreme Court before the opinion was prepared.

[10] Id. at § 2425, p. 76.

[11] Id. at § 2425, p. 77.

[12] Restatement, Contracts (1932) § 413, § 500, comment c, §§ 501, 502, 504, 511; 3 Williston, Contracts, § 723 and cases there cited.

[13] Walden v. Skinner, 101 U.S. 577, 583, 25 L.Ed. 963; Sanders v. Monroe, 56 App.D.C. 132, 133, 10 F.2d 997, 998; Manogue v. Bryant, 15 App.D.C. 245, 256.

[14] Danciger Oil & Refining Co. of Texas v. Ball, 5 Cir., 54 F.2d 908, 909; Bickham v. Gough, 4 Har. & McH., Md., 17, 18; Scott v. United States, 79 U.S. 443, 12 Wall. 443, 20 L.Ed. 438; King v. Hamilton, 4 Pet. * 311, 7 L.Ed. 869; Moxham v. Sherwood Co. of West Va., 4 Cir., 267 F. 781, 785, 786; 2 Pomeroy, Equity Jurisprudence (4th ed. 1918) §§ 859, 860; 9 Wigmore, Evidence (3d ed. 1940) § 2423.

[15] D.C.Code (1940) § 13—214, D.C. Code (1924) § 1535c.

[16] See Sambataro v. Caffo, 57 App.D. C. 260, 261, 20 F.2d 276, 277. Cf. International Exchange Bank v. Pullo, 52 App.D.C. 199, 201, 285 F. 933, 935.

[17] See notes 7, 8, 9, 10, 11.

[18] Schwartz v. Murphy, 72 App.D.C. 103, 112 F.2d 24; Johnson v. Simmons, 53 App.D.C. 356, 290 F. 331.