ROBINSON et al. v. OREM.

No. 11215.

United States Court of Appeals District of Columbia Circuit.

Argued May 28, 1952.

Decided June 26, 1952.

---

Herman Miller, Washington, D. C., for appellants.

Robert E. Lynch, Washington, D. C., for appellee.

Before CLARK, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of Columbia granting summary judgment in an action arising out of a sale of real estate. Appellant purchased the property in question from appellee, who was represented by a real estate agent. An action was also brought against the agent, but has been disposed of and is not of interest here.

█ In the action with which we are now concerned, filed October 10, 1949, appellant alleged fraud and misrepresentation in that he had been told that the rear boundary of the property purchased was beyond where he later found it to be. However, the record discloses that appellant was aware that the property in question was of irregular shape and also aware that the agent was not clear on the boundaries and dimensions. The sales contract which the parties executed, dated August 16, 1946, and the deed by which the property was later conveyed, dated October 7, 1946, made no reference to area or to metes and bounds, but identified the property by lot and square number, thereby incorporating clear means by which appellant might have ascertained the true boundaries and dimensions. Howenstein Realty Co. v. Richardson, 1943, 77 U.S.App.D.C. 299, 135 F.2d 803. Appellant had constructive notice of the public records containing the precise metes and bounds of the property at a time more than three years prior to his filing, and he is therefore precluded by the statute of limitations[1] from maintaining this action. District-Florida Corporation v. Penny, 1933, 62 App.D.C. 268, 66 F.2d 794.

█ Having found no genuine issue of material fact in our examination of the record, but instead that appellee was entitled to judgment as a matter of law, we conclude that there was no error in the grant of summary judgment.

Affirmed.