ADMINISTRATOR OF JOHN COLLARD *vs.* THADDEUS TUTTLE.

*(In Chancery.)*

CHITTENDEN,
January,
1832.

Where one by contract in writing had bound himself to convey certain lands which he had bid off at vendue,—it was held in a bill in chancery brought by the other contracting party to compel him to a specific performance, or to pay over what he had received on the sale of the lands, that the statute of limitations was a good plea.

But in such case the statute does not begin to run till after a demand made ; and after a great lapse of time it will be presumed that such demand has been made.

The bill alleged, that on the 19th day of November, 1806, and for some time before, the orator, B. Boardman and A. Welch, (both of whom were dead,) owned three lots in Westford, no. 40 in 1st division, containing 50 acres, no. 49 in 3d division, containing 100 acres, no. 20 in 4th division, containing 75 acres, all belonging to the right of David Dickson ; that at a vendue known as Hazeltine's vendue, on the 25th Nov., 1805, for the non payment of a tax of two cents per acre on lands in Westford, defendant bid off the three lots; that the orator, Boardman and Welch, paid defendant the money paid by him, and the interest, and that *Tuttle* executed to them a written agreement on the 19th November, 1806, stating that he had bid off the lots in question at the vendue above mentioned, on the 25th November, 1805 ; that the orator, Boardman, and Welch had paid him the amount of his bids, and 12 per cent. insterest thereon, and promising to release to them, or their order, all the title he had acquired by his bids, provided the bids were not redeemed, on demand, and repay to them the money received, if the land should be redeemed, or, on failure, to pay all damages sustained. The bill further stated, that the land was not redeemed ; that the orator, Boardman and Welch, so divided their interest in the lands, that lot no. 49 was assigned to orator ; that *Tuttle*, on the 17th February, 1807, released lot no. 40 to one Melvin Barnes, by order of the orator, Boardman and Welch ; that Boardman died intestate in 1825 ; that no administration had been granted, and that Welch removed to parts unknown many years since, and died leaving no legal representatives ; that *Tuttle*, on the 21st February, 1824, without the knowledge or consent of the orator, Boardman or Welch, conveyed said lot no. 20, by deed of warranty, to J. Hobart, and received therefor, $90,00 ; that the orator on the 13th day of December, 1826, tendered to *Tuttle*, to be executed, a quit-claim deed to the orator, of lot no. 49 ; and had, as had also, at other times, both Boardman and Welch, requested him to quit-claim to them lots no. 49 and 20, which defendant had always refused to do.

CHITTENDEN,
January,
1832.

Collard's admr.
vs.
Tuttle.

*Prayer,* that defendant might be decreed to quit-claim to orator, for his benefit, and that of the representatives of Boardman and Welch, all the right and title he acquired to lots 49 and 20, by virtue of said vendue purchase ; that if he had received any thing for lot no. 20, he might be decreed to pay it with interest to the orator ; or that he might be decreed to quit-claim to orator his right so acquired to lot 49, or to pay its value ; and for general relief.

The defendant pleaded the statute of limitations.

WILLIAMS, Chancellor, delivered the opinion of the Court.— The bill charges, that a written contract was made by the defendant, on the 25th day of November, 1805, binding him to do a specific act, viz. to deed certain lands which he had bid off at vendue, if they were not redeemed, and he acquired a title thereto ; or to pay the money received for the redemption, if they were redeemed ; or, on failure, to pay all damages. To this bill the defendant has pleaded the statute of limitations.

A suit at law to recover damages for the breach of this contract would be barred in six years from the time the defendant was required to perform the same, and neglected so to do. Courts of Equity are bound by the statute of limitations ; and it is regarded in a court of equity, as well as in a court of law, as running upon all legal titles and demands. The statute does not in terms mention equitable demands ; yet equity adopts and takes the same limitation in cases that are analogous to those, in which it applies at law.—*Stackhouse* vs. *Barnstown,* 10 *Ves.* 453. Courts of equity regard the statute, and give it the same construction, when the cases are similar, as courts of law. Hence the statute of limitations is a good plea in bar of a bill of equity, as well as of a suit at law, where it is brought for a legal demand.

In the case now before us, there is no trust, which required length of time for its full execution, nor is any fraud charged, which was undiscovered until within the period of six years, before bringing this bill ; but it is charged that a contract was made by the defendant, which could have been enforced, at any time after the 25th day of November, 1806, either by requiring a specific performance, or by an action at law to recover the damages sustained on account of the non-payment of the same.

The plea of the statute of limitations must be allowed in this case, as it is, if true, a full defence and bar to the orators claim.

But as no cause of action would accrue on this contract either

at law or equity, until a demand was made of the defendant, so the statute of limitations would commence running from the time of the demand.

Whether the orator can resist the presumption that such demand was made more than six years anterior to the filing this bill, arising from the great lapse of time since the defendant could have been compelled to perform his contract, is for him to determine, as he will be at liberty to traverse the plea ; but the plea must be allowed.

*Allen* and *Bailey & Marsh*, for orator.
*Adams*, for defendant.