## HURDLE v. AMERICAN SECURITY & TRUST CO.

Court of Appeals of District of Columbia.
Submitted April 3, 1929. Decided
May 6, 1929.

No. 4751.

Hosea B. Moulton and Tench T. Marye, both of Washington, D. C., for appellant.

Stanton C. Peelle, C. F. R. Ogilby, and Paul E. Lesh, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a judgment dismissing a bill of complaint filed by appellant as plaintiff against the defendant as executor of the estate of Mary Ann Spencer, deceased.

The plaintiff alleged in the bill that on December 1, 1914, the decedent, Mary Ann Spencer, being aged, infirm, and partially blind, engaged plaintiff to wait upon her and serve her with her meals and to render all such personal services for her as were made necessary by her age and weakness, and as a consideration for such services agreed to bequeath and devise to plaintiff, by her last will and testament thereafter to be made, a one-half interest in her estate both real and personal; that relying upon this agreement plaintiff served decedent as nurse, caretaker, and companion, and by furnishing her with her meals and waiting upon her continually from the date of the agreement until June 3, 1919, a period of four years and six months, when decedent departed this life; that decedent left a last will and testament executed prior to the date of her agreement with plaintiff, but none was found of a date subsequent to the agreement; that the will which was thus found was probated, and defendant is executor thereof, and has retained possession of the assets of the estate; that decedent disposed of her entire estate by this will, without making any provisions for plaintiff therein, and utterly failed to execute any will or codicil to carry out her agreement to compensate plaintiff for her services by means of a testamentary provision as aforesaid; that decedent in her lifetime did not pay plaintiff for her services, nor has defendant as executor ever made such payment in any manner; that plaintiff, in the hope and expectation of finding a later will executed by decedent in performance of her aforesaid agreement, refrained for a considerable time from taking action for the protection of her interests, but on November 12, 1924, having despaired of finding such a will, she brought a suit at law in the Supreme Court of the District of Columbia to recover the reasonable value of the services rendered by her under her agreement with decedent, but the defendant interposed a plea of the statute of limitations in the case, and in October, 1926, a verdict was directed by the court for the defendant; that the plaintiff thereupon noted an appeal, but, being advised that the pendency of such an appeal would jeopardize the bringing of her present suit in equity, she discontinued the prosecution thereof. Plaintiff prayed that defendant as executor aforesaid be required to deliver and convey to plaintiff the full one-half of the real and personal estate of decedent now in its hands, together with the income which has accrued thereon, and for all adequate and proper general relief.

The defendant moved the court to dismiss the bill, upon the grounds (a) that plaintiff had elected as her remedy a suit at law for the reasonable value of the services rendered to decedent, and was thereby barred from maintaining her present suit in equity; (b) that plaintiff's bill disclosed laches such as would prevent recovery herein; and (c) that the judgment at law against plaintiff, as set out in the bill, constituted a complete and final adjudication upon the claim between plaintiff and defendant of the matters and things set forth in the bill. The court sustained this motion and dismissed the bill, whereupon this appeal was brought.

We think the ruling of the lower court was not erroneous. The controlling averments of the bill of complaint disclose that in December, 1914, the plaintiff contracted with decedent to perform certain services for her which were to be compensated at decedent's death by a devise of one-half of her estate; that plaintiff fully performed her part of the contract, but that decedent died in June, 1919, and her last will was admitted to probate in September, 1919, but that it contained

no bequest or devise to plaintiff, nor was plaintiff compensated in any manner for her services; that in November, 1924, plaintiff brought an action at law against decedent's estate to recover upon a quantum meruit for the value of her services, but in October, 1926, judgment was entered in the case against her, and plaintiff did not prosecute an appeal therefrom; and that the present suit in equity to compel a specific performance of the contract between plaintiff and decedent was begun in May, 1927. The present case therefore was begun after a lapse of about eight years following the death of decedent and the admission of her will to probate.

■ Appellant's right of action against decedent's estate arose when decedent died without making the stipulated devise to plaintiff as compensation for her services. According to plaintiff's contention, she then became entitled to bring an action at law against the estate to recover the value of her services or to proceed in equity to compel the estate to carry out decedent's contract. Under section 1265, D. C. Code, the right to bring the action at law was barred after the lapse of three years, and judgment was entered against plaintff to this effect in the former case. The right to bring suit to enforce the remedy in equity was barred at the same time, for it is an established principle of equity that in cases of concurrent jurisdiction over a right of action courts of equity consider themselves bound by the statutes of limitation which govern courts of law in like cases.

"Courts of equity, in cases of concurrent jurisdiction, consider themselves bound by the statutes of limitation which govern courts of law in like cases, and this is rather in obedience to the statute than by analogy. Hence if the statute would bar an action at law, it will be equally a bar in equity, the mode of relief making no difference. Courts of equity apply the statute as it would have been applied at law, and give to the statute the same effect and operation in the one court as in the other. The periods prescribed by the statute are recognized in such cases as imposing a limitation on the cause of action itself and not merely on the court in which it may be prosecuted. Sometimes the rule is stated in the form that where the remedies at law and in equity are concurrent, the statute of limitation applies alike in both forums, or that courts of chancery are equally barred by the statute of limitations when they gain jurisdiction of a cause for which a remedy exists at law as are courts of law." 17 R. C. L. 736.

See 21 C. J. 252; Sis v. Boarman, 11 App. D. C. 116; Patten v. Warner, 11 App. D. C. 149; Washington Loan & Trust Co. v. Darling, 21 App. D. C. 132, 139; Columbian Univ. v. Taylor, 25 App. D. C. 124; Darling v. Birney, 54 App. D. C. 318, 297 F. 1011; Goff v. Beaty, 157 Ark. 212, 247 S. W. 787; Elmendorf v. Taylor, 10 Wheat. 152, 168. 6 L. Ed. 289; Bank of United States v. Daniel, 12 Pet. 32, 9 L. Ed. 989; Metropolitan Nat. Bank v. St. Louis Dispatch Co., 149 U. S. 436, 13 S. Ct. 944, 37 L. Ed. 799.

It is true that the legal and equitable remedies claimed by plaintiff for the redress of her grievance are not identical, the legal remedy being a judgment for damages because of a breach of the contract, the equitable remedy being a decree for the specific performance of the contract. Nevertheless the remedies are concurrent in the sense that both arise from the same default of decedent, and a satisfaction of either would work a satisfaction of the other. There is in fact but a single right and a single default involved in the transaction. "If, therefore, the statute of limitations would be a bar to an action at law, it would be equally a bar in equity, the mode of relief making no difference." Shelby's Heirs v. Shelby, Cooke (Tenn.) 179, 5 Am. Dec. 686. "Where an action at law on a contract would be barred, a suit in equity for its specific execution will also be barred. * * * It is, therefore, a settled rule that a court of equity will not decree the specific execution of a contract upon which a court of law will not give damages." Allen v. Beal's Heirs, 3 A. K. Marsh. (Ky.) 554, 13 Am. Dec. 203. See, also, Adm'r of Collard v. Tuttle, 4 Vt. 491, 24 Am. Dec. 627.

These rules are peculiarly applicable to the present case, for the reason that, so far as appears, a judgment at law for damages would furnish an adequate and complete remedy to plaintiff for the loss suffered by her. The adequacy of such a remedy at law, indeed, throws serious doubt upon the right of plaintiff to proceed in equity at all.

We do not find it necessary to discuss the other grounds upon which the appellee defends the decree of the lower court, for in our opinion it was fully justified upon the ground that plaintiff's suit was barred by lapse of time.

The decree appealed from is accordingly affirmed, with costs.