## PEYSER v. OWEN et al.

### No. 7519.

United States Court of Appeals for the District of Columbia.

Argued Oct. 15, 1940.

Decided Nov. 12, 1940.

William E. Richardson, of Washington, D. C., for appellant.

Walter M. Bastian and Albert F. Adams, both of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

GRONER, C. J.

This is an action by the receiver of the Montgomery Building and Loan Association, a District of Columbia corporation, against thirty of its former directors for mismanagement and depletion of capital. The complaint charges a general scheme to defraud investors, initiated by certain named promoters and original directors, as the result of which a large sum of money is claimed to have been diverted from the corporation to those individuals and as dividends to shareholders; that this scheme was carried on substantially during the entire incumbency of the defendants and until the bankruptcy and liquidation of the corporation. Appellees, Remsen, Shaw, Allanson, and Owen, resigned more than three years before the commencement of the action, and other directors were chosen in their places. These four moved to dismiss the complaint against themselves, on the ground that it was barred by limitations. The trial court granted the motion, and this appeal followed.

There is no dispute that the District of Columbia statute,[1] if applicable, fixes a limitation period of three years which runs from the date the director severed his connection with the corporation by resignation. Appellant does not contend that the language of this statute is inapplicable to equitable causes of action as distinguished from those arising at law. Cf. Haliday v. Haliday, 56 App. D.C. 179, 11 F.2d 565; Hurdle v. American Security & Trust Co., 59 App.D.C. 58, 32 F.2d 954; Anglo-Columbian Development Co. v. Stapleton, 57 App.D.C. 209, 19 F.2d 683. He does contend that since the complaint charges that the directors after assuming office had permitted the fraudulent scheme and the consequent unlawful diversion of the corporation's funds to continue, they were inexcusably negligent, and in the circumstances the court should not apply the statute. He relies on Cooper v. Hill, 8 Cir., 94 F. 582, and on Rankin v. Cooper, C.C., 149 F. 1010. It is quite true that Judge Sanborn in the former case suggested that limitations might not be applied in equity if there had been a persistent course of action, accompanied by intentional misrepresentations, or by purposeful or negligent concealment. But in the absence of such facts, he held the suit to be barred in that very case. Here the complaint admits that the appellees neither obtained any advantage from the wrongdoing of the incorporators nor "intentionally did any affirmative act to cause loss of funds paid in by the certificate holders". There is no allegation of concealment. Hence, Cooper v. Hill, supra, is really an authority in appellees' favor, and the suggestion of the distinguished jurist has no application. In Rankin v. Cooper, supra, a case very similar to the present one, a district judge refused to apply the statute of limitations, but we think his decision must be rejected in favor of more recent cases in the Supreme Court and other courts of appeal.

The statute of limitations has been applied in equity suits against former directors where there was actual misconduct rather than mere negligence. Curtis v. Connly, 257 U.S. 260, 42 S.Ct. 100, 66 L. Ed. 222; Farmer v. Standeven, 10 Cir., 93 F.2d 959; Payne v. Ostrus, 8 Cir., 50 F.2d 1039, 77 A.L.R. 531; Hughes v. Reed, 10 Cir., 46 F.2d 435; Anderson v. Gailey, D.C., 33 F.2d 589; Emerson v. Gaither, 103 Md. 564, 64 A. 26, 8 L.R.A.,N.S., 738, 7 Ann. Cas. 1114.

---

[1] D.C.Code, Tit. 24, Sec. 341.

In Curtis v. Connly, supra, as in this case, the receiver contended that the bill stated facts sufficient to suspend the running of the statute until the beginning of the suit, and the question was whether the receiver's claim was barred. The misrepresentations there charged to the directors were in having the books and financial statements of the bank so kept as to show the face value of loans and investments, known to be improper or worthless, and thus in concealing the impairment of the capital of the bank, a much broader charge than is made in the present complaint. There, as here, the directors sued had resigned more than the statutory period prior to commencement of the suit. The Supreme Court held, as to the unlawful investments of the bank and the improper entries, that the bank was charged with knowledge of what appeared upon the books and could found no claim upon them. It was also alleged that all the directors knew that the dividends were paid out of assets and not earned and that the improper loans should be recalled. But even this, the Supreme Court held, if properly proved would not make a case against those directors who had resigned more than the statutory period prior to the commencement of the suit. The Court said: "This suit is brought upon the common law right of the bank to recover for acts that diminished its assets. Therefore the question is whether the bank's claim is barred. The bank of course must be charged with knowledge of what appeared upon its books. It owned them; its stockholders had a right to inspect them. * * * Hence it would seem, as suggested by the District Judge, that so far as concerns investments of a kind that national banks are not allowed to make, the bank was chargeable with knowledge from the beginning and can found no claim upon them now * * * and however this bill be read in its details it appears to us not to charge enough to deprive the appellees of the protection of the act. It is said that they stood in a fiduciary relation to the bank. But they were strangers to it when they left the board * * *."

This rule of the Supreme Court was applied by the Eighth Circuit in Payne v. Ostrus, supra, where the charge against the directors was actual wrongdoing, and also by Judge Sibley while District Judge, in Anderson v. Gailey, supra, in both of which it was held that the fiduciary relation between the bank and its directors ceases when they leave the board, and that for their negligent acts while in office they must be sued within the statutory period or not at all.

■ Since the question was not raised in the trial court and was abandoned in oral argument here, we have not considered appellant's contention, made in the brief, that the defense of the statute of limitations should have been raised by answer rather than by motion to dismiss.

Affirmed.