**PEYSER v. VOLSK et al.**

No. 7649.

United States Court of Appeals for the District of Columbia.

Argued March 18, 1941.

Decided April 28, 1941.

James M. Earnest, of Washington, D. C., for appellant.

Fred P. Myers, of Washington, D. C. (Richard L. Merrick, of Washington, D. C., on the brief), for appellees.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

Appellees brought this suit against Montgomery Building and Loan Association, a District of Columbia corporation. Pending the suit, the Association was ordered dissolved and appellant was appointed its receiver. The District Code provides that "No action pending * * * against any corporation shall be discontinued or abate by the dissolution of the corporation, whether such dissolution occur by the expiration of its charter or otherwise * * *."[1]

The suit was brought to rescind subscriptions for stock in the Association, and also to recover $900 which appellees had paid to the Association as "surplus premiums" or "membership fees", on the ground of fraud on the part of the Association's agents.[2] Though appellant resists the return of the premiums or fees, he consents to rescission of the stock subscriptions because the Association is no longer able to fulfill its part of the subscription contracts. Therefore no question regarding the rescission of stock subscriptions, whether before or after dissolution, is before us.

The District Court found that appellees were induced to pay $900 as "surplus premiums" by the representations of the Association's agent that it intended to invest this money in real estate mortgages, and that the agent knew that these representations were false. The evidence supports these findings. Appellee Nicholas Volsk dealt with one Anthony. The persons in charge of the Association's office represented to Volsk that Anthony was its salesman; they also accepted money from Volsk, and delivered certificates to him, pursuant to the offers which Anthony induced him to make. The Association thus confirmed Anthony's authority as agent. His representations were connected with his agency. And "one may be bound by the misrepresentation of his agent, if it is made in the exercise of his apparent authority, relates to the matter intrusted to his management or control, and the party dealt with has no knowledge of the misrepresentation."[3]

Affirmed.

---

[1] Title 5, § 406.

[2] Cf. Peyser, Receiver, v. Owen, App. D.C., 116 F.2d 298.

[3] Crook v. International Trust Co., 32 App.D.C. 490, 507, appeal dismissed, 215 U.S. 613, 30 S.Ct. 398, 54 L.Ed. 349.