**VINER & MILLER, Inc. et al. v. PHILLIPS, CANBY & FULLER, Inc. et al.**

**Civ. No. 3842–48.**

United States District Court
District of Columbia.

March 7, 1949.

Vincent L. Toomey, of Washington, D. C., for plaintiffs.

Spencer Gordon, Fontaine C. Bradley, and Miss Eleanor Sessoms, all of Washington, D. C., for 'Connecticut General Life Ins. Co.

PINE, District Judge.

This is a motion for summary judgment. It is made by one of three defendants, namely Connecticut General Life Insurance Company, hereinafter referred to as Connecticut. The other two defendants are Phillips, Canby & Fuller, Inc., and Bannockburn Heights Improvement Company, referred to herein as Phillips and Bannockburn, respectively.

Plaintiffs are engaged in the contracting and building business. Phillips is engaged in the real estate business. Bannockburn owned certain land in Maryland. Connecticut, among other things, is engaged in lending money. The complaint alleges that plaintiffs were induced by defendants to purchase certain lots in Maryland belonging to Bannockburn, and to borrow fom Connecticut $35,000 for the construction of residences thereon, upon the representation and assurances of defendants to plaintiffs that an undeveloped dirt road in front of these lots would be converted into a hard-surfaced roadway. This was not done, and plaintiffs claim damages as a result thereof.

It appears that Phillips was agent for Bannockburn for the sale of the lots to plaintiffs, and was also agent for 'Connecticut in making the construction loan to plaintiffs. Connecticut contends, as the basis for its motion for summary judgment, that any representation made by Phillips in respect of the road was not made as its agent and therefore is not binding on it. In support of this contention, it has submitted affidavits to the effect that Phillips represent-

ed Connecticut only in the making of the loan. It has also taken the depositions of the three plaintiffs, who place the responsibility for the representations on Phillips, and acknowledge that they knew that Connecticut did not own the property and all Connecticut had to do with the transaction was to make the loan.

However, it is settled that one may be bound by the misrepresentation of his agent, if it is made in the exercise of his apparent authority, relates to a matter intrusted to his management or control, and the party dealt with has no knowledge of the misrepresentation. Peyser v. Volsk, 74 App.D.C. 1, 119 F.2d 462; Crook v. International Trust Co., 32 App.D.C. 490, 507.

The question presented, therefore, is whether Phillips made the alleged representations and gave the assurances in the exercise of its apparent authority from Connecticut in relation to a matter entrusted to its management or control. Phillips was apparently authorized to represent Connecticut in the making of the loan. Representations and assurances designed to produce this result would be within its apparent authority. It was in Connecticut's interest to make the loan at interest and on security approved by its agent, and thus to provide an outlet for its uninvested capital. The making of the loan was dependent on the purchase of the property by plaintiffs. The purchase of the property by plaintiffs was dependent upon the making of the loan. The two transactions were interdependent and were consummated by Phillips acting for both principals. A genuine issue is therefore raised as to whether Phillips was acting within the scope of its apparent authority from Connecticut in the matter of making the loan when the alleged representations and assurances referred to were made and given, or was acting solely as agent for Bannockburn, and this must be determined upon a trial of the issues in the light of all the surrounding facts and circumstances, including those above outlined.

The contention of Connecticut, and authorities cited in support thereof, that a principal is relieved of responsibility for the representations of his agent if he rep-resents an adverse interest, are not apposite to the factual issues herein involved. Also, see rule in this jurisdiction in Bowen v. Mt. Vernon Savings Bank, 70 App.D.C. 273, 105 F.2d 796.

The motion for summary judgment will be denied. Counsel will present appropriate order.