**FILSON et al. v. FOUNTAIN et al.**

No. 10948.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 8, 1952.

Decided March 6, 1952.

Camden R. McAtee, Washington, D. C., for appellants.

William M. Aiken, Washington, D. C., for appellees.

Before EDGERTON, PROCTOR and BAZELON, Circuit Judges.

PER CURIAM.

Our opinion in Filson v. Fountain, 84 U. S.App.D.C. 46, 171 F.2d 999, reversed, Fountain v. Filson, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971, rehearing denied, 337 U.S. 921, 69 S.Ct. 1153, 93 L.Ed. 1730, shows the background of the present appeal.

On remand the District Court allowed appellees Fountain to amend their answer by pleading the statute of limitations. Appellants Filson do not question the timeliness of the amendment. The District Court found that appellees owed appellants $6,000 which had been due and payable since December 24, 1940. Appellants' original complaint was filed September 11, 1945. The court ruled, rightly we think, that the statute of limitations had run against appellants' claim.

If the claim was not purely legal it was within the concurrent jurisdiction of law and equity. The statute of limitations applies in either case. Cope v. Anderson, Receiver, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602; Hurdle v. American Security & Trust Co., 59 App.D.C. 58, 60, 32 F.2d 954, 956; Moran v. Schlosberg, 67 App.D.C. 163, 90 F.2d 408. Though appellees' obligation, if any, was created in New Jersey, the District of Columbia statute governs because suit was brought in the District. Wells v. Alropa Corp., 65 App.D.C. 281, 82 F.2d 887; Kaplan v. Manhattan Life Ins. Co., 71 App. D.C. 250, 109 F.2d 463. Since appellees were not residents of the District, D.C. Code 1940, § 12–205, which suspends the running of the statute while a defendant "who is a resident of the District" is out of it, has no application. Cf. Le Mieux Bros. Corp. v. Armstrong, 5 Cir., 91 F.2d 445. The sealed option agreement between the parties "did not create the indebtedness but was mere evidence thereof * * *," Filson v. Fountain, 84 U.S.App.D.C. 46, 50, 171 F.2d 999, 1003, and not even clear or direct evidence. The option agreement did not recite or mention the indebtedness for which appellants sue. Obviously therefore this suit is not brought "on" the option agreement. Accordingly the three-year limitation on contract actions applies and the twelve-year limitation on actions "brought * * * on any * * * instrument under seal" does not. D.C.Code 1940, § 12–201. We agree with the District Court that the alleged indebtedness was payable on demand as early as December 24, 1940. At the very least, the court's finding to that effect is not clearly wrong.

■ Appellants contend the District Court erred in not declaring a constructive trust in their favor. But, as they concede, the statute of limitations is applicable to constructive trusts unless there has been a fraudulent concealment of the cause of action. Speidel v. Henrici, 120 U.S. 377, 386, 7 S.Ct. 610, 30 L.Ed. 718; cf. Felix v. Patrick, 145 U.S. 317, 329–330, 12 S.Ct. 862, 36 L.Ed. 719. The record shows no fraudulent concealment.

Affirmed.