### WIREN v. PARAMOUNT PICTURES, Inc.
#### No. 11589.

United States Court of Appeals
District of Columbia Circuit.

Argued May 11, 1953.

Decided June 18, 1953.

Petition for Rehearing Denied
Sept. 11, 1953.

Mr. James M. Landis, Washington, D. C., with whom Messrs. William T. Hannan and Benjamin F. Pollack, Washington, D. C., were on the brief, for appellant. Mr. Ralph F. Berlow, Washington, D. C., also entered an appearance for appellant.

Mr. William E. Leahy, Washington, D. C., with whom Mr. William J. Hughes, Jr., Washington, D. C., was on the brief, for appellee.

Before PROCTOR, BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The appellant, Myra Page Wiren, plaintiff below, in 1931 filed a suit in the United States District Court for the Southern District of New York against Paramount Famous Lasky Corporation, predecessor of defendant Paramount Pictures, Inc., and others, some of whom were defendants below, appellees here. Damages were sought because of the alleged plagiarism of a dramatic work, "Most", written by plaintiff, in the composition of the play "Death Takes A Holiday", produced first in New York City in 1930. The District Court, deciding against plaintiff on the merits, held that her rights in "Most" were not infringed by "Death Takes A Holiday". Wiren v. Shu-

bert Theatre Corp., D.C.S.D.N.Y.1933, 5 F. Supp. 358. On appeal to the United States Court of Appeals for the Second Circuit a division of that court consisting of Circuit Judges Manton, Swan and Chase affirmed without opinion. Wiren v. Shubert Theatre Corp., 70 F.2d 1023, May 21, 1934, certiorari denied, 1934, 293 U.S. 591, 55 S.Ct. 105, 79 L.Ed. 685. On April 28, 1942, plaintiff moved that the Circuit Court of Appeals set aside its affirmance because of the alleged corruption of Judge Manton in the form of a bribe in May, 1932. The motion was denied May 13, 1942, by a division of the court consisting of Circuit Judges Swan, Clark and Frank. The Supreme Court denied certiorari, 1942, 317 U.S. 659, 63 S.Ct. 58, 87 L.Ed. 530. On June 12, 1945, the plaintiff filed with the Circuit Court of Appeals a second motion for rehearing accompanied with affidavits setting forth alleged newly discovered evidence. A division of the court consisting of Circuit Judges Swan, Chase and Clark denied this motion November 14, 1945.

After the proceedings above summarized in the United States District Court for the Southern District of New York and in the United States Court of Appeals for the Second Circuit, plaintiff filed the present suit in the United States District Court for the District of Columbia on September 28, 1948. The court below ordered the case transferred to the United States District Court for the Southern District of New York, but on appeal this court vacated the order of transfer. Wiren v. Laws, 1951, 90 U.S.App.D.C. 105, 194 F.2d 873. Upon remand the court below, Chief Judge Laws sitting, dismissed the complaint. In a memorandum opinion Chief Judge Laws ruled that the issues had been decided against plaintiff in the United States Court of Appeals for the Second Circuit and res judicata accordingly barred the present suit. The opinion also expressed the view that since the suit appeared to be for damages based on fraud it was barred by the statute of limitations.[1]

---

1. Plaintiff's position on the appeal is that the action in this jurisdiction, in contrast with the original action in the Southern District of New York, is not for plagiarism but is a new and independent action for fraud committed in the bribery of Judge Manton and in the preparation of fraudulent affidavits to prevent a rehearing of the appeal. It is true that the complaint in this jurisdiction

We agree that the statute of limitations had run and on that ground affirm the order dismissing the complaint. In an action for fraud the three year limitations contained in § 12–201, D.C.Code (1951), applies. District-Florida Corp. v. Penny, 1933, 62 App.D.C. 268, 66 F.2d 794. While the period begins only upon discovery of facts out of which the claim of fraud arises, or from the time such facts should reasonably have been ascertained in the exercise of due diligence, Peyser v. Owen, 1940, 73 App.D.C. 64, 116 F.2d 298; P. H. Sheehy Co. v. Eastern Importing & Mfg. Co., 1915, 44 App.D.C. 107 L.R.A.1916F, 810; Johnson v. Taylor, D.C. D.C.1947, 73 F.Supp. 537, the pleadings do not contain allegations within this rule so as to enlarge the three year period. The original complaint in this jurisdiction was filed, as we have pointed out, September 28, 1948. The cause of action therein alleged is the bribe said to have occurred in May, 1932, discovered according to the complaint in 1937.[2] The decision of the Circuit Court of Appeals alleged to have been affected by the bribe was rendered May 21, 1934. All of these events were more than three years prior to the filing of the complaint.

On July 28, 1950, the complaint was amended by the addition of a paragraph to the effect that defendant continued the fraud grounded upon the bribe and concealed it from the United States Court of Appeals for the Second Circuit by wrongfully withholding evidence from and wrongfully presenting incomplete evidence to the court in the proceedings incident to the two motions, one filed in April, 1942, and the other in June, 1945. In this amendment there appear for the first time allegations of fraud in connection with the proceedings on the motions, which ended with the denial of the second motion on No-vember 14, 1945, more than three years prior to the amendment. Here again nothing is alleged to enlarge the period of limitations beyond three years from the date of the fraud of which the amendment complains.

Rule 15(c), Fed.Rules Civ.Proc., 28 U.S.C.A., provides, however, that when a claim asserted in an amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading the amendment relates back to the date of the original pleading. This rule has been discussed in a number of cases. In L. E. Whitham Const. Co. v. Remer, 10 Cir., 1939, 105 F.2d 371, 375–376, it is held, "the rule is not applicable where the amendment introduces a different and additional claim or cause of action." In Barthel v. Stamm, 5 Cir., 1944, 145 F.2d 487, certiorari denied, 1945, 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430, in ruling that the amendment related back, the court pointed out in detail how the writings pleaded in the amendment had to do with the same claim set forth in the original pleading. In Murfkan v. Kahn, D.C.S.D.Fla.1951, 11 F.R.D. 520, 522, it is said that though Rule 15(c) does not use the phrase "new cause of action", the principle still prevails that an amendment will not be allowed if it introduces a new cause of action which as an independent proceeding would be barred by the statute of limitations. In Boerkoel v. Hayes Mfg. Corp., D.C.W.D.Mich.1948, 76 F.Supp. 771, the guiding principle, turning upon whether or not a new cause of action is stated, is reaffirmed, but it is also pointed out that if the amendment merely explains, expands or amplifies what was alleged in support of the cause of action already asserted it does relate back. In Brown v. New York Life Ins. Co., D.C.D.N.J.1940, 32 F.Supp.

---

requests some relief equitable in nature but this must be construed as dependent upon the maintenance of the action for fraud.

2. The complaint also alleges that in June, 1945, plaintiff filed the second motion for rehearing before the United States Court of Appeals for the Second Circuit, with affidavits setting forth newly discovered evidence, which motion was de-nied November 14 of that year. But the complaint does not allege any fraud within a period of three years prior to the filing of the complaint. Allegations of illness and other circumstances said to have delayed the filing of the action in the District Court might be relevant on the question of laches but do not supply the omission of any allegation of fraud within the period stated.

443, 444, it is said that the rule that an amendment will not be allowed if it introduces a new cause of action has not been changed by Rule 15(c), but that an amendment will not as a rule be held to state a new cause of action if the facts alleged show substantially the same wrong or if the gist of the action or subject matter or controversy remains the same though the form of liability asserted or the alleged incidents of the transaction may be different. " 'Technical rules will not be applied in determining whether the cause of actions stated in the original and amended pleadings are identical, since in a strict sense almost any amendment may be said to change the original cause of action.' " In White v. Holland Furnace Co., D.C.S.D. Ohio 1939, 31 F.Supp. 32, 34, the court said the decisions since the new rules have not changed the general rule but the meaning of the term "cause of action" has been liberalized. "The emphasis of the courts has been shifted from a theory of law as the cause of action, to the specified conduct of the defendant upon which the plaintiff tries to enforce his claim." See, also, Hartmann v. Time, Inc., D.C.E.D.Pa.1946, 64 F.Supp. 671, vacated in part, 3 Cir., 1947, 166 F.2d 127, 1 A.L.R.2d 370, certiorari denied, 1948, 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763.

 Viewing the amendment of July 28, 1950, in the light of these interpretations of Rule 15(c), it seems clear the amendment does not relate back to September 28, 1948, when the original complaint was filed. That complaint was grounded upon the alleged bribery of Judge Manton in 1932, discovered in 1937. The amendment proceeds upon the basis of a distinct fraud in the presentation of evidence or affidavits to the Circuit Court of Appeals, in April, 1942, and June, 1945. Though the amendment states that in this manner the original fraud was continued and concealed the last conduct relied upon in that regard is alleged to have occurred in June, 1945, substantially more than three years prior to the filing of the amendment. And even though it be assumed that such subsequent conduct was motivated by, and in that sense grew out of, the fraud alleged in the original pleading, nevertheless the claim of fraud asserted in the amendment was independent and distinct, consisting of presenting to and withholding evidence from the court in 1942 and 1945. This was a new claim, not the original claim or cause of action based upon the bribe.

From the foregoing it appears that when the original complaint was filed the statute of limitations had run against the claim therein set forth, and that when the amendment was filed the statute had run against the new claim therein asserted.

Affirmed.