Ernest J. FONTANA, Appellant,

v.

AETNA CASUALTY & SURETY CO.,
Appellee.

No. 19821.

United States Court of Appeals
District of Columbia Circuit.

Argued April 19, 1966.

Decided May 26, 1966.

Petition for Rehearing En Banc and for
Rehearing before the Division
Denied Aug. 4, 1966.

Fahy, Circuit Judge, dissented.

Mr. Leonard W. Burka, Washington,
D. C., with whom Mr. J. E. Bindeman,
Washington, D. C., was on the brief, for
appellant.

Mr. John Gionfriddo, Washington,
D. C., with whom Mr. M. S. Mazzuchi,
Washington, D. C., was on the brief, for
appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and FAHY and TAMM, Circuit
Judges.

WILBUR K. MILLER, Senior Circuit
Judge:

This case arises from a workmen's
compensation claim filed by Ernest J.

Fontana in August, 1958, against his employer, Clark-Fontana Paint Company,[1] and its insurance carrier, Aetna Casualty and Surety Company. Fontana represented that on May 13, 1958, he suffered an injury in the course of his employment which necessitated extensive hospitalization and medical treatment. Following the recommendations made by the claims examiners of the Bureau of Employees' Compensation of the Department of Labor, Aetna paid Fontana compensation of $54.00 per week for 156 weeks, beginning August 18, 1958, a total of $8,424.00. (It had previously paid him $740.57 for the period from May 14, 1958, to August 17, 1958). In addition to these compensation payments, Aetna paid $3,330.75 in medical benefits and incurred other expenses in the sum of $1,970.00.

On May 1, 1962, Fontana sought to reopen the proceeding by claiming compensation for continuing disability arising out of the alleged accident of May 13, 1958. The claim was denied by Aetna and a formal evidentiary hearing was had on December 13, 1962, and January 31, 1963. On April 1, 1963, the Deputy Commissioner made extensive findings of fact including the following:

"That the claimant did not sustain a personal injury on May 13, 1958, as alleged."

For this reason, the Deputy Commissioner rejected the claim for compensation.

On April 30, 1963, Fontana sued the Deputy Commissioner in the United States District Court,[2] attacking the finding that he had not suffered an injury May 13, 1958. He asked that the rejection of his claim be set aside, and that the Deputy Commissioner be directed to award compensation as claimed. Aetna was permitted to intervene as a party defendant. Following cross-motions for summary judgment, the District Judge filed a memorandum opinion which included the following:

"* * * [T]he Court is of the opinion that the record, considered as a whole, supports the deputy commissioner's findings that plaintiff did not sustain an injury on May 13, 1958, as alleged."

Accordingly, on December 17, 1963, summary judgment was granted to the Deputy Commissioner and Aetna, and Fontana's motion therefor was denied. Fontana did not appeal. Thus there has been a final judicial determination that he falsely stated the basis of his claim.

On May 25, 1964, Aetna filed the present suit against Fontana in which it alleged the events to which we have referred, and sought to recover the sums paid by it in reliance on Fontana's representations that he had sustained a compensable injury on May 13, 1958. Fontana controverted the allegations of the complaint and both parties moved for summary judgment. Aetna's motion therefor was granted and Fontana's was denied, whereupon the latter appealed.

■ In an action for fraud the three-year limitation contained in § 12–201, D.C.Code (1961), applies. The period begins to run only upon discovery of facts out of which the claim arises, or at the time such facts should reasonably be ascertained in the exercise of due diligence. Wiren v. Paramount Pictures, 92 U.S. App.D.C. 347, 206 F.2d 465 (1953).

Fontana contends Aetna's cause of action was barred by the three-year statute of limitations because, he asserts, the appellee had actual notice of the fraud at least as early as November 13, 1959, more than three years before Aetna filed suit on May 25, 1964. If so, this action is clearly barred by the statute. Aetna says it did not discover the fraud until the fact that Fontana had falsely stated he was injured on May 13, 1958, was disclosed at the hearing before the Deputy

---

1. Clark-Fontana Paint Company was a corporation, the capital stock of which was owned equally by Fontana and one Reginald Clark. Clark was president and Fontana was secretary-treasurer.

2. Ernest J. Fontana v. Charles Einbinder, Deputy Commissioner, Civil Action No. 1114–63.

Commissioner January 31, 1963. If so, the present action was filed well within the statutory period.

Fontana's contention that Aetna received actual notice of his fraud at least by November 13, 1959, is based on the testimony of one Shortt, the insurance broker who wrote the policy of compensation insurance. Shortt testified before the Deputy Commissioner on January 31, 1963, that some six to ten months after May 13, 1958, Clark, the president of Clark-Fontana, told him in a telephone conversation "that Mr. Fontana had faked this particular claim." Shortt also said he reported this telephone conversation to a representative of Aetna a year or a year and a half after the alleged accident, that is, some time between May, 1959, and November, 1959. Testifying before the Deputy Commissioner on the same occasion, Clark refused to substantiate the testimony of Shortt concerning such a telephone conversation.

If it was made, Clark's statement to Shortt that Fontana had "faked" the claim and had offered to share the proceeds with him in return for signing the report as president of Clark-Fontana was, of course, nothing more than his unsupported conclusion concerning the ultimate fact of Fontana's fraudulent conduct; he did not tell Shortt in what manner Fontana had faked the claim. Thus the hearsay information given to Aetna by Shortt contained no statement of fact which the insurance company could investigate. That Fontana was actually hospitalized and treated on several occasions for a serious condition in his left shoulder was true, so there was only one way he could have faked his claim: by falsely representing that his condition was caused by a compensable injury suffered May 13, 1958, when in fact no such injury occurred. This was a matter which depended entirely on Fontana's statement; and, as he said there was no witness, there was no way for Aetna to learn of its own investigation that Fontana's story about the accident was false and fraudulent.

At the hearing before the Deputy Commissioner, however, hospital and medical records, which had not theretofore been available to Aetna because of their confidential nature, were introduced and led the Deputy Commissioner to conclude that Fontana did not sustain an injury on May 13, 1958. It follows that Aetna's first knowledge of Fontana's fraud came during the hearing on December 13, 1962, and January 31, 1963, and that it could not sooner have learned the fact of falsehood, even had it fully credited the hearsay about Clark's accusation.

Not only did Fontana falsely represent that he was injured May 13, 1958, in his original compensation claim; he repeated it many times in subsequent years, particularly in the formal hearing before the Deputy Commissioner. Each time he cashed a bi-weekly compensation check from Aetna he was in effect reiterating the falsehood. So, this was a continuing fraud; Fontana kept on representing to Aetna that he actually had been injured at work on May 13, 1958, a statement upon which Aetna necessarily had to rely until the formal hearing revealed its falsity. Thus, from time to time, Fontana's conduct caused Aetna to continue to rely on his original representation.

In Glus v. Brooklyn Eastern Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959), in attempting to avoid an otherwise applicable three-year period of limitation, Glus claimed Brooklyn was estopped to plead limitation because it had induced the delay by representing to him that he had seven years in which to sue. We quote from the Supreme Court's opinion, at pages 232–233, 79 S.Ct. at page 762:

"To decide the case we need look no further than the maxim that no man may take advantage of his own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations. In Schroeder v. Young, 161 U.S. 334 [16 S.Ct. 512, 40 L.Ed. 721], this Court allowed

a debtor to redeem property sold to satisfy a judgment, after the statutory time for redemption had expired although the statute granting the right to redeem also limited that right as to time. The Court held that the purchasers could not rely on the limitation because one of them had told the debtor 'that he would not be pushed, that the statutory time to redeem would not be insisted upon; and [the debtor] believed and relied upon such assurance.' The Court pointed out that in 'such circumstances the courts have held with great unanimity that the purchaser is estopped to insist upon the statutory period, notwithstanding the assurances were not in writing, and were made without consideration, upon the ground that the debtor was lulled into a false security.' 161 U.S., at 344 [16 S.Ct., at 516]." (Footnotes omitted.)

■ In view of this authority and the facts we have recited, we are of the opinion that Fontana is estopped to plead that Aetna's action is barred by limitation. As the Supreme Court said, "To decide this case we need look no further than the maxim that no man may take advantage of his own wrong."

■ Fontana further contends that, although he had moved for summary judgment, such a judgment in favor of Aetna was improper because, as he asserts, there was a genuine issue of material fact as to whether Aetna first had notice of his fraud at least on or before November 13, 1959, or when the formal hearing was held in December, 1962, and January, 1963. We hold from what has been said that Shortt's version of his telephone conversation with Clark was not such notice to Aetna as to start the running of the three-year statute. Hence, we reject Fontana's theory that there was a genuine issue of material fact as to when the limitation period began to run.

The foregoing also disposes of Fontana's contentions that Aetna made the payments to Fontana with full knowledge of his fraud and that it thereby waived its right to recover the payments so made.

This record discloses a cleverly conceived and boldly executed fraud to which judicial approval cannot be given.

Affirmed.

FAHY, Circuit Judge (dissenting):

Congress has enacted a statute of limitations applicable to actions based on fraud. As stated in the court's opinion it is three years, and the period begins to run "upon discovery of facts out of which the claim of fraud arises, or from the time such facts should reasonably have been ascertained in the exercise of due diligence." Wiren v. Paramount Pictures, 92 U.S.App.D.C. 347, 349, 206 F.2d 465, 467, and cases there cited. I would remand the case for trial because in my opinion a genuine issue of material fact was presented as to when the insurance company discovered the fraud or, exercising due diligence, should have discovered it. In my view this precludes summary judgment being granted in favor of appellee as if no such issue existed. It is of course no judicial approval of fraud to have a proper determination made whether the statute of limitations bars an action based on fraud.

The genuine issue of fact left undecided by the District Court emerged from prior testimony of the insurance broker that sometime between May 13, 1959, and November 13, 1959, more than four years before the action was filed, he advised appellee, the insurance company, that appellant's claim was faked. This raised an issue as to whether the insurance company had actual notice of the fraud or, "in the exercise of due diligence," could reasonably have ascertained the fraud. Wiren v. Paramount Pictures, supra. How the issue should be decided would depend upon the trial of the issue.

If the fraud were found to have been discovered, or by due diligence should have been discovered, more than three years before the action was filed, the bar of the statute of limitations would

not be avoided by estoppel; the insurance company would no longer have been misled by the fraud, since it had knowledge of it, or could not assert lack of knowledge. Accordingly, the principle stated in Glus v. Brooklyn Eastern Terminal, 359 U.S. 231, 79 S.Ct. 760, would not apply.