Susie V. WATWOOD, Appellant,

v.

Edward S. YAMBRUSIC, Executor of the
Estate of Lea Sabo, Appellee
(two cases).

Nos. 11624, 11810.

District of Columbia Court of Appeals.

Argued Sept. 14, 1977.

Decided July 27, 1978.

Rehearing En Banc Denied
Sept. 26, 1978.

Michael M. Kearney, Arlington, Va., for appellant.

George S. Leonard, Washington, D. C., submitted a brief for appellee, but waived oral argument.

Before KERN, HARRIS and MACK, Associate Judges.

PER CURIAM:

Appellant brought an action in July 1975, seeking reconveyance of a piece of residential property, rescission of a contract, deed of trust and note, an injunction prohibiting appellee from conveying any right or title to the property during the pendency of the

action, damages and an accounting. The pleadings urged that the instruments, validly executed in 1968 and 1969, were not intended to effect a conveyance but to permit appellee to hold the property in trust pending the repayment of a loan made by appellee to appellant. The trial court recognized that appellant alleged a claim cognizable under the law of trusts and restitution but dismissed all the claims (except that of accounting) as being barred by the running of the three-year Statute of Limitations (D.C.Code 1973, § 12–301(8)) and the doctrine of laches. Following this dismissal in the Civil Division of Superior Court, appellee filed a claim in the Landlord and Tenant Division for possession, which was granted. Appellant appeals both the order of dismissal[1] and the order of possession. We affirm both orders.

With respect to the order of dismissal, the trial court held that the applicable period of limitations for bringing action seeking the imposition of a constructive trust is three years (D.C.Code 1973, § 12–301(8)).[2] We need not decide this question however.[3] By appellant's own representation she attempted, unsuccessfully, six months after settlement in 1969 to repurchase the property. She knew or should have known at that time that she might have a cause of action, and her failure to get reconveyance despite "repeated attempts" thereafter should have confirmed that fact. Yet she waited until six years thereafter to file suit. With respect to implied or constructive trusts (unless there has been a fraudulent concealment of the cause of action)[4] an unreasonable lapse of time is a complete bar in equity as at law. *Speidel v. Henrici,* 120 U.S. 377, 386, 7 S.Ct. 610, 30 L.Ed. 718 (1887); *Filson v. Fountain,* 90 U.S.App.D.C. 273, 197 F.2d 383 (1952). A plaintiff cannot sleep on his rights after a trust is repudiated. Restatement of Restitution § 148. *See Naselli v. Millholland,* 88 U.S.App.D.C. 237, 188 F.2d 1005 (1951). The lapse of time began to run here in 1969 when appellant knew that the agreement had been disavowed. *See Haliday v. Haliday,* 56 App.D.C. 179, 11 F.2d 565 (1926). The unreasonable delay in bringing this action defeats it.

Finally, there is no merit to appellant's claim that the Landlord and Tenant Division did not have jurisdiction to issue an order for possession since the claim for accounting was still pending in the Civil Division. The only issue before the Landlord and Tenant Division was that of possession; no accounting was requested and a claim for a money judgment was waived. D.C.Code 1973, § 16–1111.

*Affirmed.*

HARRIS, J., concurs in the result.

1. Both parties agree that the order of dismissal, despite the pending proceedings for accounting, is properly before us. *See Gulf Refining Co. v. United States,* 269 U.S. 125, 135–36, 46 S.Ct. 52, 70 L.Ed. 195 (1925).

2. The statutory limitation for actions for which a limitation is not otherwise specifically prescribed is three years.

3. Appellant relies upon the language of D.C. Code 1973, § 12–301(1), allowing fifteen years for actions "for the recovery of lands, tenements, or hereditaments . . . ." This ignores the fact, however, that she has no legal ground for reconveyance. Her argument, as the trial court recognized, sounds in trusts and

restitution, and it has been held that the statute of limitations is not strictly applicable to such a suit in the District of Columbia. *See Kosty v. Lewis,* 115 U.S.App.D.C. 343, 319 F.2d 744 (1963); *Haliday v. Haliday,* 56 App.D.C. 179, 11 F.2d 565 (1926). Rather the guiding principle is one of laches. *Naselli v. Millholland,* 88 U.S.App.D.C. 237, 188 F.2d 1005 (1951).

4. There is no evidence here of fraudulent concealment or any other unconscionable conduct on the part of appellee. *See Emmett v. Eastern Dispensary & Cas. Hosp.,* 130 U.S.App. D.C. 50, 396 F.2d 931 (1967).